MICHAEL A. KNUFFKE, APPELLANT, v. EDWARD W. BARTHOLOMEW, APPELLEE.

FILED OCTOBER 14, 1921. No. 22171.

1. **Trial:** PROOF. All issuable facts which the evidence properly ad-

mitted on behalf of one party to an action tends' to establish may be considered proved, where the other party offers, no proof.

2. **Master and Servant: RELATION.** On the issue as to. whether a workman is an employee as distinguished from independent. contractor, his relation to his employer should be determined from all of the facts, rather than from any particular feature of the employment or service.

3. ————: **WORKMEN'S COMPENSATION: PERCENTAGE OF LOSS: PROOF.** Under the workmen's compensation law the percentage of a permanent partial loss of normal efficiency is an ultimate fact and may be determined by the trial court from all of the evidence showing the nature and permanency of the injuries and the conditions before and after, without direct evidence of such percentage.

APPEAL from the district court for Cheyenne county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*Gurley, Fitch, West & Hickman,* for appellant.

*McIntosh & Martin, contra.*

Heard before MORRISSEY, C.J., ALDRICH, DAY, DEAN, FLANSBURG, LETTON and ROSE, JJ.

ROSE, J.

This is a proceeding under the workmen's compensation law.' While defendant was engaged in plastering a panel on the outside of the Reinmuth Implement Building in Sidney, he fell from a scaffold July 9, 1920. To procure an award for resulting injuries he filed with the compensation commissioner a claim against plaintiff, the contractor by whom the building was being constructed. That officer found that defendant, when injured, was an employee of plaintiff and was entitled to $15 a week for a period not yet determinable. From this award plaintiff appealed to the district court and there pleaded that defendant, when injured, was an independent contractor, as distinguished from an employee, and therefore not entitled to compensation for his injuries. Plaintiff pleaded further that defendant's disability was not total or permanent and prayed for a dismissal of the proceeding.

The trial court found that defendant was an employee of plaintiff and was entitled to $15 a week for a total disability from the date of the accident, July 9, 1920, until the date of the decree, May 17, 1921, and thereafter to $12 a week for a permanent partial loss for 183 weeks, both periods being 225 weeks. Plaintiff has appealed.

It is first argued that defendant was an independent contractor and not an employee. The question is one of fact. Plaintiff offered no evidence and the issues were determined alone on the proofs adduced by defendant. It follows that all the issuable facts which the evidence tends to establish may be considered proved.

On the issue as to whether a workman is an employee as distinguished from an independent contractor, his relation to his employer should be determined from all the facts, rather than from any particular feature of the employment or service. *Barrett v. Selden-Breck Construction Co.*, 103 Neb. 850.

There is evidence tending to prove the following facts: Defendant entered into an oral contract with plaintiff to plaster the interior of the building for 17 cents a yard and the contract was fully performed. During the negotiations the plastering of an exterior panel for a sign was mentioned, but defendant said it was doubtful if he could do it, owing to another engagement. Later defendant orally promised, for $1.25 an hour, to plaster the panel, plaintiff to construct the scaffold and to furnish a helper. Plaintiff agreed to these terms and constructed the scaffold. Defendant commenced work on the panel and was attended by his former helper, who used defendant's mortar box. Plaintiff told how he wanted the panel plastered, but was not present when the work was done. His foreman was there, however, and defendant would have been under him, had changes or information been wanted. On account of a defect in the scaffold, defendant, while using it in plastering the panel, fell head foremost to the pavement below. In the settlement for work and materials he received 17 cents a yard for the

interior plastering and paid his helper 65 cents an hour. He received $1.25 an hour for his work on the exterior panel and collected 65 cents an hour for his helper. There was no attempt to contradict the evidence from which these facts are inferred. There is no proof that plaintiff surrendered his right to direct or discharge defendant. It was the understanding that the latter should do the plastering himself and there is nothing to indicate that he made any profit out of the services of his helper. In an economic sense the compensation of $1.25 an hour may be considered wages.

Evidence of the nature outlined does not seem to be insufficient to sustain the trial court's finding that defendant, when injured, was an employee within the meaning of the workmen's compensation act. This assignment of error is therefore overruled.

Insufficiency of the evidence to sustain the award is also urged. The principal complaint under this head is the absence of testimony showing definitely the percentage of the permanent partial loss. That there was a total disability for a time is shown beyond question, and the evidence sustains the finding below that it continued to the time of the decree. The proof of a permanent partial loss is equally clear, but the extent or percentage thereof is not so definite and certain. The determination of the issue requires the finding of an ultimate fact—a question for the trial court. The injured person and his physician may testify to the injury and to resulting conditions, but the deduction as to the percentage of loss is for the trial court. The conclusion may be reached from all the evidential facts and circumstances, without direct testimony as to the proportion of loss. Harper, Workmen's Compensation (2d ed.) sec. 161; *International Coal & Mining Co. v. Nicholas*, 293 Ill. 524, 10 A. L. R. 1010. In the exercise of judicial discretion a reasonable estimate based on such evidence meets the requirements of the law. Otherwise the mission of the statute in this respect would fail.

Defendant's. brain was injured and he was unconscious for nearly a month.  There was a compound fracture of the upper bone of his right arm and the action thereof was limited:. Atrophy weakened the power muscles of his shoulder.  The condition of the arm as the result of the injury was shown.  Motion, speed and strength were impaired.  He was fit for his trade before the accident and unfit for it afterward.  The trial judge saw the arm in motion after atrophy had done its work.  He heard the testimony of a physician that the injuries were permanent.  He seems to have found in effect that the permarent partial loss was 80 per cent. of normal efficiency and the evidence seems to justify the conclusion.

The judgment below is somewhat ambiguous, but it is construed to require the payment of $15 a week for 42 weeks and thereafter $12 a week for 183 weeks, 225 weeks in all, and, as thus construed, is

AFFIRMED.