(106 So. 870)

## GULF STATES STEEL CO. v. CROSS.
### (6 Div. 495.)

(Supreme Court of Alabama. Jan. 14, 1926.)

**1. Master and servant ☞385(18)—Motion to suspend compensation until employee submits to surgical treatment not tendered before trial may be overruled.**

Motion made on trial to suspend compensation until employee submits to surgical treatment which has not been tendered before may be overruled, unless tender gives employee a reasonable opportunity to be properly advised in that regard.

**2. Master and servant ☞385(18)—Suspension of compensation held not warranted for refusal to submit to operation.**

Where expert witnesses were equally divided as to nature and cause of cataract in injured employee's eye, and whether an operation would be successful, court properly declined to suspend compensation under Code 1923, § 7567, for employee's refusal to submit to an operation.

**3. Master and servant ☞385(18)—Compensation claimant not required to submit to operation, unless success reasonably assured and operation free from serious danger.**

Code 1923, § 7567, authorizing suspension of compensation where employee refuses to submit to an operation, is not to be construed as requiring employee to submit to an operation as a condition to compensation, unless success is reasonably assured and operation is free from serious danger.

Certiorari to Circuit Court, Jefferson County; Romaine Boyd, Judge.

Petition of the Gulf States Steel Company for certiorari to the Circuit Court of Jefferson County to review the finding and judgment of that court in a proceeding under the Workmen's Compensation Act by Charlie Cross against the petitioner. Writ denied; judgment affirmed.

B. F. Smith, of Birmingham, for petitioner.

The trial court should have granted appellant's motion requiring appellee to submit himself to an operation for the removal of the cataract. Code 1923, § 7551 (F).

James H. Bradford, of Birmingham, opposed.

It was within the discretion of the court to require, or not, submission by appellee to an operation, and under the evidence there was error in failure to grant appellant's motion.

BOULDIN, J. This is a workmen's compensation case. The court below found the employee due compensation for permanent total disability in the loss of sight of one eye, resulting from a cataract produced by a blow from a flying fragment of ore in mining operations.

The evidence, presented by bill of exceptions, clearly supports the court's finding. It need not be here set out. All other conditions entitling plaintiff to compensation were admitted.

[1] A motion made upon the trial to suspend compensation until the employee submits to surgical treatment, which had not been tendered theretofore, may well be overruled, unless the tender of treatment is so made as to give the employee reasonable opportunity to be properly advised in that regard.

[2] Where the expert witnesses are, as here, equally divided as to the nature and cause of the cataract and whether an operation would be successful, the court properly declined to suspend compensation, under section 7567, Code of 1923, for refusal to submit to an operation.

[3] Statutes of this kind are not construed as requiring the employee to submit to an operation as a condition to compensation, unless there is reasonable assurance of success and the operation is free from serious danger. 2 Schneider Work. Comp. L. pp. 1260, 1262; Ex parte Sloss-Sheffield Steel & Iron Co., 207 Ala. 219, 92 So. 458.

Writ denied; judgment affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.