(116 So. 514)

## WOODWARD IRON CO. v. VINES.
### (6 Div. 15.)

Supreme Court of Alabama. March 29, 1928.

**1. Master and servant ⬥412—Workmen's compensation proceedings are reviewable by certiorari for errors apparent on record.**

In proceedings for workmen's compensation, same are reviewable by certiorari for errors apparent on record.

**2. Master and servant ⬥412—In review of compensation proceedings, bill of exceptions may be resorted to when insistence is that no evidence was admitted supporting findings, and when facts recited in conclusion of trial court are too meager.**

Bill of exceptions may be resorted to in review by certiorari of workmen's compensation proceedings when insistence is that there was no evidence offered and admitted by trial court that supports judge's findings, statements of facts and conclusions as determined by him, and when facts recited in statement or conclusions as determined by trial court are too meager or omissive to fully inform in respect of entire circumstances having relation to point contested.

**3. Master and servant ⬥412—Trial court's findings of fact in workmen's compensation proceeding, if supported by legal evidence, are conclusive on certiorari.**

Findings of fact by trial court in workmen's compensation case, if supported by any legal evidence, are conclusive on certiorari.

**4. Master and servant ⬥412—Review of workmen's compensation proceedings by certiorari is on questions of law.**

Review of workmen's compensation proceedings by certiorari is on questions of law, and among these is whether there is any legal evidence to support findings of fact by court.

**5. Mandamus ⬥4(1)—Mandamus cannot perform office of appeal in workmen's compensation proceedings.**

Mandamus cannot perform office of appeal in workmen's compensation proceedings, since statute provides for certiorari.

**6. Mandamus ⬥28—If duty to be performed by lower court is judicial, or involves exercise of discretion, mandamus will not lie to direct manner of its exercise, but lies to set it in motion.**

Where duty to be performed by lower court is judicial, or involves exercise of discretion on part of tribunal or officer, mandamus will lie to set judgment or discretion in motion, but not to direct manner of its exercise.

**7. Mandamus ⬥1—Mandamus lies to prevent failure of justice or irreparable injury when there is legal right and no other adequate remedy.**

Remedy by mandamus will be employed to prevent failure of justice or irreparable injury when there is clear legal right and no other adequate remedy.

**8. Master and servant ⬥403—Burden of proof is on plaintiff in compensation case to reasonably satisfy court that accident was within provision of statute (Workmen's Compensation Act).**

Burden of proof on plaintiff in workmen's compensation case is to reasonably satisfy court that accident was within provisions of Workmen's Compensation Act (Code 1923, §§ 7534–7597), and injury resulting was such as that rational mind be able to trace and fix on it as resultant personal injury to said proximate cause set in motion by employment and not caused by some other agency.

**9. Master and servant ⬥405(4)—When proof is such as to reasonably satisfy court that conditions required by statute regarding hernia exists, evidence supports court's finding in workmen's compensation case (Code 1923, § 7551; subsec. (f) 1).**

When proof is such as to reasonably satisfy court that plaintiff received physical injury arising out of and in course of employment by and with defendant, of which defendant had knowledge or notice, that injury resulted in hernia, that hernia appeared suddenly and followed accident, was accompanied by pain, and that hernia did not exist prior to accident and injury, evidence is sufficient under Code 1923, § 7551, subsec. (f) 1, to support court's finding that hernia arose out of and in course of employment.

**10. Master and servant ⬥412—Statute relating to proof of hernia in workmen's compensation cases did not change rule on review by certiorari (Code 1923, § 7551, subsec. (f) 1).**

Code 1923, § 7551, subsec. (f) 1, relating to proof of hernia in workmen's compensation proceedings, does not change rule in Supreme Court on review by certiorari.

**11. Master and servant ⬥385(18)—Employer, offering injured employee hernia operation, should accompany offer with averment that employer was ready, willing, and able to furnish required surgical skill (Code 1923, § 7551, subsec. (f) 1).**

Under Code 1923, § 7551, subsec. (f) 1, relating to hernia arising out of employment, offer of required operation by employer should be accompanied with averment of fact that em-

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

217 ALA.—24          [1] Post, p. 462.

ployer was ready, willing, and able to furnish required medical and surgical skill.

**12. Master and servant ⬛385(18)—Employer, pleading general denial of liability for employee's hernia, held not to have complied with statute regarding offer of surgical aid for operation (Code 1923, § 7551, subsec. (f) 1).**

Where employer's answer was mere denial of liability for employee's hernia, but doctor testified that he proposed that they operate on him and take care of him in hospital, but employee said he wanted compensation for his hernia, there was no compliance with terms of Code 1923, § 7551, subsec. (f) 1, as to offer of required medical and surgical aid for such operation by employer.

Certiorari to Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Proceeding under the Workmen's Compensation Act by A. W. Vines against the Woodward Iron Company to recover compensation for injury sustained in employment. Judgment awarding compensation, and the employer applies for certiorari and mandamus to the circuit court of Jefferson county, Bessemer division. Writ denied; judgment affirmed.

Huey & Welch and W. G. Stone, all of Bessemer, for appellant.

The hernia provision of the act is an exception to the general provisions. Code 1923, § 7551 (f) 1; 1 Honnold, W. C. A. 497, 498, 499, 500; 1 Schneider, W. C. A. 836. Inguinal hernia is not compensable under our statute. To recover for any kind of hernia, plaintiff's evidence must be clear, definite, and conclusive. Authorities, supra; 1 Honnold, 298, 316; Silverman v. Ziboling, The Bulletin, vol. 1, No. 6, p. 13; 1 Schneider, W. C. A. 383. Hernia must be treated surgically, and plaintiff, having refused to submit to operation, cannot recover compensation. Code 1923, § 7551 (f) 1; O'Brien v. Albrecht Co., 206 Mich. 101, 172 N. W. 601, 6 A. L. R. 1257; 2 Schneider, W. C. A. 1104, 1256, 1296. The duty to submit to operation is different from the duty to submit to examination, etc., such as was treated in Gulf States Steel Co. v. Cross, 214 Ala. 155, 106 So. 870; Greek v. Sloss Co., 207 Ala. 219, 92 So. 458. In a case under the Compensation Act, an injured party has the right to have mandamus issued to correct the errors of the trial court not reviewable otherwise. Ex parte Tower Mfg. Co., 103 Ala. 415, 15 So. 836; Ex parte Barnes, 84 Ala. 540, 4 So. 769; Reynolds v. Crook, 95 Ala. 570, 11 So. 412; Leigh v. O'Bannon, 69 Ala. 261; 18 R. C. L. 301; Ex parte Sloss Co., 207 Ala. 219, 92 So. 458.

J. A. Lipscomb and H. P. Lipscomb, Jr., both of Bessemer, for appellee.

An injury resulting in inguinal hernia is compensable. Code 1923, § 7551 (f); Ex parte Ala. D. D. & S. B. Co., 213 Ala. 88, 104 So. 251. The judge's findings comply with the statute, section 7551 (f) Ex parte Sloss Co., 207 Ala. 219, 92 So. 458; Hardisty v. Woodward Iron Co., 214 Ala. 256, 107 So. 837. To avail of defense of plaintiff's refusal to be operated on, same must be tendered and judicially acted on. Greek v. Sloss Co., 207 Ala. 219, 92 So. 458; Ex parte Sloss Co., 207 Ala. 219, 92 So. 458. There is no provision of law for mandamus in this case.

THOMAS, J. This court has repeatedly construed the Workmen's Compensation Law (Code 1923, §§ 7534–7597), declared that the right of review provided therein is by certiorari, and defined the office of a bill of exceptions. Such rights are of statutory origin, and may have been denied altogether if the Legislature had so intended. City of Birmingham v. S. B. T. & T. Co., 203 Ala. 251, 82 So. 519; Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803; Ex parte Jagger Coal Co., 211 Ala. 11, 99 So. 99; Ex parte Sloss-Sheffield S. & I. Co. (Greek's Case), 207 Ala. 219, 92 So. 458.

[1-4] That is to say, that in proceedings for compensation the same are reviewable by certiorari for errors apparent on the record, Ex parte Woodward Iron Co., 211 Ala. 74, 99 So. 97, and a bill of exceptions may be resorted to (1) when the insistence is that there was no evidence offered and admitted by the trial court that supports the judge's findings —statement of facts and conclusions as determined by him, and (2) when the facts recited in said statement or conclusions, as determined by the trial court, are too meager or omissive to fully inform in respects of the entire circumstances having relation to the point contested, Crescent Coal Co. v. Simmons (Ala. Sup.) 116 So. 512; 1 Ex parte Sloss-Sheffield S. & I. Co. (Greek's Case), 207 Ala. 219, 92 So. 458; Ex parte Woodward Iron Co., 211 Ala. 74, 99 So. 97. And the findings of fact by the trial court, if supported by any legal evidence, are conclusive on certiorari. Paramount Coal Co. v. Williams, 214 Ala. 394, 108 So. 7. The review by certiorari is upon questions of law, and among these is whether there is any legal evidence to support the findings of fact by the court.

[5, 6] Mandamus will not do the office of an appeal in the instant proceeding; the statute provides for certiorari. Woodward Iron Co. v. Dean (Ala. Sup.) 117 So. 52.2 If the duty to be performed by the lower court is judicial, or involves the exercise of discretion on the part of a tribunal or officer, mandamus will lie for the purpose of setting judgment or discretion in motion, but not to direct the manner of its exercise. Henry v. State ex rel. Welch, 200 Ala. 475, 76 So. 417. If, however, judgment or discretion is abused, and the exercise is arbitrary and capricious,

⬛For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
1 Ante, p. 367.    2 Post, p. 530.

mandamus has been employed to compel a proper exercise thereof; or if, by reason of a mistaken view of the law, or otherwise, there has been in fact no actual and bona fide exercise of judgment and discretion, mandamus has been awarded. Mobile Mut. Ins. Co. v. Cleveland, 76 Ala. 321; Ex parte State ex rel. Ingram Land Co., 208 Ala. 28, 93 So. 820; Hagan v. State ex rel. Batchelor, 207 Ala. 514, 93 So. 600; State ex rel. Denson et al. v. Miller, 204 Ala. 234, 85 So. 700; State ex rel. City of Birmingham v. Board of Revenue, 201 Ala. 568, 78 So. 964; State ex rel. Mobile v. Board of R. & R. Com., 180 Ala. 489, 494, 61 So. 368; White v. Mayor & Council of Decatur, 119 Ala. 476, 23 So. 999.

[7] Otherwise stated, the remedy by mandamus will be employed to prevent failure of justice or irreparable injury, *when there is a clear legal right and no other adequate remedy.* Ex parte Jackson, 212 Ala. 496, 103 So. 558. The motion to dismiss mandamus is granted; the Legislature has prescribed the method of review—by certiorari.

It should also be observed in the language of Central Iron & Coal Co. v. Coker (Ala. Sup.) 116 So. 794,[3] that the very purpose and spirit of the statute is to provide compensation for the employee, if he survives, or to his dependents when it is most needed, without the necessary and usual delays incident to other action at law.

[8] It is asserted in briefs that this is the initial case in this court, under the Workmen's Compensation Act, where the right of compensation is rested upon *inguinal hernia.* The pertinent provision of the statute is:

"In all claims for compensation for hernia resulting from injury by an accident arising out of and in the course of his employment, it must be definitely proved to the satisfaction of the court:

"1. That there was an injury resulting in hernia.

"2. That the hernia appeared suddenly.

"3. That it was accompanied by pain.

"4. That the hernia immediately followed an accident.

"5. That the hernia did not exist prior to the accident for which compensation is claimed." Code of 1923, § 7551, subsec. (f) 1.

Thus is prescribed necessities of proof in claims for compensation for hernia resulting from injury by an accident arising out of and in the course of employment. The burden of proof upon plaintiff in any compensation case is to reasonably satisfy the court that the accident was within the provisions of the statute, and the injury resulting was such as that the rational mind be able to trace and fix upon it as the resultant personal injury to said proximate cause set in motion by the employment, and not caused by some other agency. Ex parte Ala. Dry Dock & Shipbuilding Co., 213 Ala. 88, 104 So. 251, and authorities; Ex parte Coleman, 211 Ala. 248, 100 So. 114. In dealing with an injury, condition, or disease arising out of natural causes, as well as accidents, it was deemed necessary by the Legislature to require the foregoing elements of proof that the employment and accident therein caused the injury.

And the Legislature recognizing in hernia a disease or condition that may arise out of natural as well as accidental causes, prescribed that the plaintiff resting his claim to compensation for hernia must "definitely prove to the satisfaction of the court": (1) "That there was an injury" by accident arising out of and in the course of his employment, "resulting in hernia"; (2) that it "appeared suddenly"; (3) "accompanied by pain"; (4) "immediately following an accident"; and (5) that the condition and disease "did not exist prior to the accident."

[9] The rule stated in 1 Schneider's Work. Comp. L., p. 383, as to proof of hernia, is that a claimant for such physical injury must offer some evidence that the employment caused, or could have caused, such injury. Robbins v. Original Gas Engine Co., 191 Mich. 122, 157 N. W. 437; Alpert v. J. C. & W. E. Powers, 223 N. Y. 97, 119 N. E. 229. There must be some proximate connection of accidental means to the injurious result. In this requirement the statute makes definite the elements to be shown, or the general rule of evidence entering into such a case or claim, specifically indicated in subsection (f) 1, Code of 1923, vol. 3, p. 713. It is sufficient evidence to support the finding of the court, when the proof is such as to reasonably satisfy the court, that plaintiff received physical injury arising out of and in the course of his employment by and with defendant, of which the latter had knowledge or notice, that the injury resulted in (1) hernia, (2) that the hernia appeared suddenly and following the accident, (3) was accompanied by pain, and (4) that said hernia did not exist prior to said accident and injury. And just here it may be well to set out the facts supporting the foregoing findings by the court, stated as follows:

"The complainant was working for the defendant in its coal mines, earning an average of $32.42 per week, and testified that he was pushing a car upgrade, assisted by his helper, and, when his helper reached to scotch the car, plaintiff's foot slipped in his effort to hold car, he fell upon the car and was ruptured. He discovered a knot in his groin before walking 50 yards. He lay upon the ground for two hours, went home on train, remained in bed all night, sent for doctor next morning, came in afternoon, sent me to Dr. Nichols, chief surgeon for defendant, who told me I should go to hospital for operation, but company would not give compensation for rupture, and I refused to go without compensation. I had been operated upon for appendicitis in May, 1924. I am drawing $40 per month compensation from federal government.

---

[3] Post, p. 472.

"Dr. Nichols testified that plaintiff now has big rings in both groins, had them all his life, right side now protrudes. Any doctor could discover it. Plaintiff has inguinal hernia. I operated on him for appendicitis 1924, and observed no hernia then. The blow he received didn't cause hernia. He reported to me for operation, offered to operate without charge, except for hospital fee to be taken out of wages when he returned to work. He said he could not lose the time.

"Employment card dated October 6, 1924, showed no deformities of plaintiff when examined at that time by Dr. Wright, physician for defendant. Dr. McEniry for defendant testified they accepted no one for employment that had rupture, if discovered on examination."

"S. O. Crumpton testified for defendant that plaintiff said he was hurt, and they quit work about 12 o'clock that day; that plaintiff had been complaining to him of a rupture for more than a year. He didn't see plaintiff fall; if he was scotching car probably couldn't have seen him if he fell."

In Ex parte Sloss-Sheffield S. & I. Co., 207 Ala. 219, 92 So. 458, it is said the conclusions of fact must be based upon legal evidence; that, "where there is *any legal evidence* to support the finding, such finding *is conclusive*," of the action of the trial court "and no technical questions as to the admissibility of evidence will be here considered." Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803; Ex parte W. T. Smith Lumber Co., 206 Ala. 485, 90 So. 807. In Hardisty v. Woodward Iron Co., 214 Ala. 256, 107 So. 837, the purpose or effect of the bill of exceptions is thus stated:

"The proceeding here is by certiorari, in which a bill of exceptions is allowed as part of the record, not for the purpose of passing upon the weight of the evidence, but, in cases like the present, to determine whether there is any evidence supporting the finding of the trial judge."

[10] Argument of counsel is predicated upon the wording of the statute as to foregoing requisites of proof. The use of the words "must definitely prove to the satisfaction of the court" the five facts therein, after catalogued, did not otherwise change the measure of proof obtaining in the trial court. It is a caution to the trial court to require proof to its reasonable satisfaction of the things required by statute to be shown; but does not change the rule in this court on review by certiorari. And in the instant case the court found as a fact that the essentials to such recovery had been proved as required—for hernia resulting from injury within the statute considered. Such is the result of the recitals of fact and finding by the court, though the trial court did not use the words "definitely proved." We have carefully considered the record, and the judge's finding as set out in the decree was a compliance with the statute (section 7551 (f) 1, Code of 1923), having application to the claim for compensation made.

[11] We are brought to the special provisions or defensive matter contained in the statute (Code, § 7551 (f) 1), as follows:

"All hernia, inguinal, femoral, or otherwise, so proved to be the result of an injury by accident arising out of and in the course of the employment shall be treated in a surgical manner by radical operation. In case the injured employee refuses to undergo the radical operation for the cure of said hernia, no compensation will be allowed during the time such refusal continues. If, however, it is shown that the employee has some chronic disease, or is otherwise in such physical condition that the court considers it unsafe for the employee to undergo said operation, the employee shall be paid as otherwise provided in this chapter."

Is this provision different in the requirement or respective duties imposed upon the parties from analogous provisions for examination and treatment found in other parts of the statute? Section 7567, Code; Summit Coal Co. v. Walker, 214 Ala. 332, 107 So. 905; Ex parte Sloss-Sheffield S. & I. Co. (Greek's Case), 207 Ala. 219, 92 So. 458. In Gulf States Steel Co. v. Cross, 214 Ala. 155, 106 So. 870, this court held:

"Motion made on trial to suspend compensation until employee submits to surgical treatment which has not been tendered before may be overruled, unless tender gives employee a reasonable opportunity to be properly advised in that regard. * * *

"Code 1923, § 7567, authorizing suspension of compensation where employee refuses to submit to an operation, is not to be construed as requiring employee to submit to an operation as a condition to compensation, unless success is reasonably assured and operation is free from serious danger."

We think the last-quoted portion of the statute, according to the facts, may present defensive matter to be duly invoked and pleaded, viz., set up by the answer. The offer of the required operation by defendant should be accompanied with the averment of the fact that defendant was ready, willing, and able to furnish the required medical and surgical skill in the premises. It may be that such injury and result arise out of an employment where the plaintiff was unable to have himself properly cared for and operated on, or where such defendant was not equipped, prepared, able, ready and willing to discharge the burden or duty upon it as provided by the statute we have set out above. If such be the fact and failure, the same would be unavailable or not defensive matter to such an action.

[12] The instant defendant's answer was a mere general denial of liability. It did not duly seek, before and at the trial, to invoke the opportunity and discharge its duty as to the desired and required surgical operation. It did not set up or justify for the failure by the general denial of liability. And such issues of fact, by way of defense and excuse, were not presented and litigated at

the trial. It is true, the witness Dr. Nichols testified:

"I proposed that we operate on him and take care of him in the hospital. He said that he wanted compensation for his hernia; that he thought he received it in a strain in the mine. I told him that I didn't think that the company would allow him any compensation, but they would follow their practice of taking care of a man, operating on him, and letting him, when he gets well, return to work."

This is not a compliance with the terms of the statute as to the offer of required medical and surgical aid for such operation.

In the case of Neary v. Philadelphia C. & I. Co., 264 Pa. 221, 107 A. 696, the statute construed employed the words "if the employee shall refuse reasonable surgical, medical, and hospital services, * * * tendered to him by his employer, he shall forfeit all right to compensation for" injury or "any increase in his incapacity shown to have resulted from such refusal;" held not to deprive claimant of all compensation for his refusal, but only of compensation for an injury or increase of incapacity caused by the refusal. This was a just and humane construction of the Pennsylvania statute. The reasonable import of our statute: "In case the injured employee *refuses* to undergo the surgical operation for the cure of said hernia, *no compensation* will be allowed during the time such *refusal continues*," if the employee has no chronic disease or other physical condition *that the court considers* it unsafe for him to undergo said operation, is that of reciprocal duties required by the statute of the parties, and the requirement of action in the instant behalf duly invoked and presented to the court for definite orders as to the operation vel non.

In Lesh v. Illinois Steel Co., 163 Wis. 124, 129, 157 N. W. 539, 541, 542 (L. R. A. 1916E, 105), it was claimed the condition could be remedied by a surgical operation, and the court said:

"While the decisions of different courts were placed upon different grounds, the result reached in every case was that the injured person would not be allowed to recover damages caused by his own negligent act or willful misconduct, but only those which were caused directly or proximately by the injury itself. The question under consideration here has arisen many times under the English Compensation Act. The following rule was laid down by Lord McLaren in Donnolly v. Baird, Scotch Session Cases (1908) 536:

" 'In view of the great diversity of cases raising this question, I can see no general principle except this: That if the operation is not attended with danger to life or health or extraordinary suffering, and if, according to the best medical or surgical opinion, the operation offers a reasonable prospect of restoration or relief from the incapacity from which the workman is suffering, then he must either submit to the operation or release his employers from the obligation to maintain him. In other words, the statutory obligation of the employer to give maintenance during the period of incapacity resulting from the accident is subject to the implied condition that the workman shall avail himself of such reasonable remedial measures as are within his power.'

"See note, 48 L. R. A. (N. S.) 111, and note, L. R. A. 1916A, 139, 387, where a large number of cases bearing upon this subject are collected.

"The same question has arisen under the New Jersey Workmen's Compensation Act (Act April 4, 1911 [P. L. p. 134]), the Workmen's Compensation Act of Maryland (Laws 1914, c. 800), and the Michigan Workmen's Compensation Act (Pub. Acts 1912 Ex. Sess. No. 10), in which cases the English rule stated above has been referred to and approved, and applied with varying results. McNally v. Hudson & M. R. Co., 87 N. J. Law, 455, 95 A. 122; Floccher v. F. & D. Co. of Maryland, 221 Mass. 54, 108 N. E. 1032; Jendrus v. Detroit Steel Products Co., 178 Mich. 265, 144 N. W. 563, L. R. A. 1916A, 381, Ann. Cas. 1915D, 476. * * *.

"Where, as in this case, the applicant under the Workmen's Compensation Act unreasonably refuses to undergo a safe and simple surgical operation which is fairly certain to result in a removal of the disability, and is not attended with serious risk or pain, and is such as an ordinarily prudent and courageous person would submit to for his own benefit and comfort, no question of compensation being involved, the disability which the claimant suffers thereafter, a reasonable time being allowed for recovery, is not proximately caused by the accident, but is the direct result of such unreasonable refusal.

"No question of compelling the applicant to submit to an operation is involved."

The case is thus different from that for decision under our statute.

The writ of certiorari is denied, and the judgment of the circuit court is affirmed.

Writ denied; affirmed.

ANDERSON, C. J., and SAYRE, BOULDIN, and BROWN, JJ., concur.