(135 So. 172)

## WETTER PIPE CO. v. WILLIAMS.

### 7 Div. 986.

Supreme Court of Alabama.

May 14, 1931.

Rehearing Denied June 18, 1931.

London, Yancey & Brower and Whit Windham, all of Birmingham, for appellant.

E. O. McCord & Son, of Gadsden, for appellee.

SAYRE, J.

Bessie Williams, as widow of Oscar Williams, deceased, suing for herself and her minor children, was awarded compensation in her proceeding under the Workmen's Compensation Act (Laws 1919, p. 206) for the death of her husband, and the employer appeals.

Appellant alleges in its brief that there was no evidence to justify the conclusion that deceased came to his death by reason of anything that happened in the course of his employment. The bill of exceptions has had due consideration, and the court here is of opinion that there was evidence that deceased suffered in the course of his employment and incident thereto an injury which caused his death. The policy of the statute is to have done with proceedings under the Compensation Act in the shortest order consistent with the due administration of justice. Paramount Coal Co. v. Williams, 214 Ala. 394, 108 So. 7. And the rule is that, where there is any substantial legal evidence to support the finding of the trial court, such finding will be treated as conclusive in this court. Ex parte Sloss-Sheffield Co., 207 Ala.

219, 92 So. 458; Ex parte Paramount Coal Co., 213 Ala. 281, 104 So. 753. There was evidence to justify the judgment rendered in the trial court, and that judgment in so far as it awards compensation, is affirmed.

But the judgment under review went further and awarded $100 as compensation for expenses incurred in the burial of deceased. There was no evidence on this subject, as appellee concedes, nor was any claim made on this account in the complaint. It has been held to be the better practice, where compensation is sought for burial expenses, to allege the fact in the complaint; and, in any event as to that, proof is necessary. Paramount Coal Co. v. Williams, 214 Ala. 394, 108 So. 7. This item must therefore be stricken from the judgment rendered; and, as thus amended, the award made in the trial court will be affirmed. Appellee will pay the cost of this appeal.

Judgment amended, and affirmed, at the cost of appellee.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.