181 So.2d 331

**SEMMES NURSERIES, INC.**

v.

**Yancey W. McVAY.**

**1 Div. 124.**

Supreme Court of Alabama.

Dec. 16, 1965.

Cunningham & Bounds, Mobile, for appellee.

. Hamilton, Denniston, Butler & Riddick and Oliver J. Latour, Jr., Mobile, for appellant.

COLEMAN, Justice.

On application of the employer we review, by certiorari, a judgment awarding compensation to an employee for sixty per cent permanent partial disability sustained

by the employee by reason of "a form of hernia known as prolapse of the rectum resulting from injury by an accident arising out of and in the course of his employment. . . ." The court found that the employee, "while stooping over and straining to lift a tree or bush felt a sudden pain in his back and spine which was later found to be a prolapse of the rectum . . . ."

*Motion to dismiss.*

Before this cause was submitted in this court, appellee filed motion to dismiss on the ground that citation of appeal had not been served on appellee as required by § 801, Title 7, Code 1940.

After appellee filed his motion and prior to submission of this cause, citation of appeal was served on appellee as is made to appear by supplement to the record.

■ Because the ground of the motion to dismiss was eliminated prior to submission, the motion to dismiss is due to be and is overruled. Blalock v. Johnson, 270 Ala. 654, 121 So.2d 604.

*On Merits.*

The employer says that "no reasonable view of the evidence will support the judgment of the trial Court" in certain particulars.

■ On review by certiorari in workmen's compensation cases, where there is any legal evidence, or reasonable inference from legal evidence, to support the finding of facts of the trial court, such finding is conclusive, and the judgment thereon will not be disturbed. Sloss-Sheffield Steel & Iron Co. v. House, 217 Ala. 422, 116 So. 167; Horton v. DeLoach, 276 Ala. 357, 162 So.2d 453. We will look to see if there be any legal evidence, or reasonable inference therefrom, to support the court's findings in those particulars as to which appellant asserts a deficiency in the evidence.

■ Assignment 2. Employer argues that the finding that "plaintiff suffered a sudden pain is not supported by any reasonable view of· the evidence."

The statute requires that in claims for compensation for hernia, it must be proved to the satisfaction of the court that "it was accompanied by pain." Title 26, § 279 (F) 1(c). Plaintiff testified:

"Q. All right. You say you felt a sudden pain?

"A. Yes sir."

Plaintiff's wife testified that when plaintiff came home on the day of injury, he did not look well and he appeared to have pain. This testimony we think sufficient to support the finding that the hernia was accompanied by pain.

It is true that plaintiff admitted that he had testified on pre-trial examination that: "'Well no, I can't say that I felt any pain . . . .'"; and on the trial, that he did not recall whether he had pain "at that time," meaning, it seems, at the time three days after the accident when he went to the doctor.

■ There thus appears a conflict in plaintiff's own testimony with respect to his suffering pain, but that conflict does not prevent the court from finding that the hernia "was accompanied by pain."

■ The fact that a plaintiff makes contradictory statements, in his own case, does not justify the court in directing the verdict against the plaintiff. Which version of plaintiff's testimony should be believed is a question for the jury, although the fact that his testimony is conflicting could be considered by the jury in weighing the testimony and treated as a circumstance against him. The conflict may not have been intentional; it may have been due to the inability of the witness to describe accurately the situation on the occasion of the injury. Atkinson v. Dean, 198 Ala. 262, 269, 73 So. 479.

Where a party, on cross-examination, sought to limit or restrict his testimony on

direct examination to a considerable extent, this court said the jury had the right to determine which statement made by plaintiff the jury would believe. Zemczonek v. McElroy, 264 Ala. 258, 263, 86 So. 2d 824.

In the instant case, we think the trial court had the right to decide which of plaintiff's statements with respect to pain should be believed. Assignment 2 is not well taken.

Assignment 3. Employer argues that the finding that plaintiff's hernia appeared suddenly is not supported by any reasonable view of the evidence.

■ Plaintiff testified that he was lifting some trees, felt a sudden pain, and "it just felt like a drop in my intestine back there. Like it dropped down." We think Assignment 3 is without merit.

■ Assignment 4. Employer argues that the finding that plaintiff's hernia did not exist prior to the accident is not supported by any reasonable view of the evidence.

Plaintiff testified that, prior to the accident, he may have had a little trouble like hemorrhoids but had never had to go to a doctor about it; that he had worked for defendant for about two years and had missed only about three days from work; and that his work had been "heavy type work." There seems to be no dispute that plaintiff had suffered a rectal prolapse and that a man with such an injury could not do the type of work plaintiff had been doing. We think the evidence favorable to plaintiff supports an inference that plaintiff's hernia did not exist prior to the accident.

Assignments 8, 9, 10. Employer argues that the findings, (1) that plaintiff had suffered a permanent partial disability, and, (2) that plaintiff's permanent disability was sixty per cent of the body as a whole, were not supported by any reasonable view of the evidence.

Evidence favorable to plaintiff is his own testimony that as the result of his injury he couldn't walk for a time; that all of his work had been "heavy type work"; that since his injury, if he stays on his feet too long he feels "like it is coming back down." There is also the testimony of Dr. Pennington that plaintiff had suffered a prolapse of the rectum of the third degree, which seems to be the most severe type of such prolapse; that if plaintiff continued to do heavy work, he could expect the condition to return; that Dr. Pennington had told plaintiff that "he couldn't do heavy work"; and that the statement that plaintiff could not do heavy work was "assuming he had no surgical repair." The evidence indicates that plaintiff had been unemployed since the injury and that he was sixty-six years old at the time of trial.

■ There is no testimony using the words that plaintiff is partially permanently disabled, or that the extent of the permanent disability is sixty per cent, or any other number of per cent, of plaintiff's whole body. We do not think, however, that the law demands testimony, expert or otherwise, in the words "sixty per cent permanent partial disability," or any other number of per cent, in order to sustain a finding that plaintiff had a permanent partial disability amounting to sixty per cent of his body as a whole.

The Supreme Court of Nebraska has held that absence of testimony showing the percentage of permanent partial disability did not prevent the court from finding the amount of permanent partial loss. The court said:

"Insufficiency of the evidence to sustain the award is also urged. The principal complaint under this head is the absence of testimony showing definitely the percentage of the permanent partial loss. That there was a total disability for a time is shown beyond question, and the evidence sustains the finding below that it continued to the time of the decree. The proof of a perma-

nent partial loss is equally clear, but the extent or percentage thereof is not so definite and certain. The determination of the issue requires the finding of an ultimate fact—a question for the trial court. The injured person and his physician may testify to the injury and to resulting conditions, but the deduction as to the percentage of loss is for the trial court. The conclusion may be reached from all the evidential facts and circumstances, without direct testimony as to the proportion of loss. Harper, Workmen's Compensation (2d Ed.) § 161; International Coal & Mining Co. v. Nicholas, 293 Ill. 524, 127 N. E. 703, 10 A.L.R. 1010. In the exercise of judicial discretion a reasonable estimate based on such evidence meets the requirements of the law. Otherwise the mission of the statute in this respect would fail." Knuffke v. Bartholomew, 106 Neb. 763, 766, 184 N.W. 889, 890.

See also Petroleum Casualty Co. v. Seale, (Tex.Civ.App.), 4 S.W.2d 90, 92, 93, where the court said:

"It seems needless to further particularize testimony that so clearly appears to us to have warranted the finding made; it is true no witness specified a per cent. in figures of resulting incapacity, but that was not essential. 'Presumably the jury were men of ordinary intelligence, and as such were entitled to use their common sense upon all the evidence and draw the same conclusions from their observance of physical conditions, personal appearance, and the value of human testimony, as other rational persons in like circumstances might do.' Oilmen's Reciprocal Ass'n v. Harris (Tex.Civ.App.) 293 S.W. 580 at page 582, col. 2. They could therefore properly make their own estimate of the percentage of impairment."

In the case at bar, plaintiff has worked all his life at "heavy type work" manual labor. He has suffered a prolapsed rectum, and, according to the employer's expert witness, Dr. Dodson, a man with a prolapsed rectum is not able to do heavy laboring type work.

We are of opinion that we cannot say that there is no reasonable basis in the evidence to support the finding that plaintiff has suffered a sixty per cent permanent disability of his whole body. Assignments 8, 9, and 10 are not sustained.

Assignments 5, 6, and 7. Employer argues that the court erred in rendering its judgment because the finding that plaintiff suffered a rectal prolapse is outside the issues raised by the pleadings. Employer says plaintiff alleged one injury and proved another, to employer's prejudice.

The allegation of the circumstances of plaintiff's injury is:

". . . He was lifting trees and while stooping over doing so he strained and felt a sudden pain in his back and spine and since said injuries he has been totally disabled from working and has received a permanent disability. . . ."

Employer, by its answer, denied these allegations.

Employer appears to argue that it has been prejudiced because plaintiff alleged an injury to his back and proved a hernia. Apparently, employer claims prejudice because it was not given notice, in haec verba, that plaintiff had suffered a prolapse of the rectum, or a hernia. Employer recognizes that technical rules of pleading are not followed in cases of the instant kind. Southern Cotton Oil Co. v. Wynn, 266 Ala. 327, 96 So.2d 159.

Examination of the complaint shows plaintiff alleged that: (1) he was lifting trees, (2) he was stooping over, (3) he strained, (4) he felt a sudden pain in back and spine, and (5) since the injury he has been totally and permanently disabled.

It appears from the testimony, that a prolapse of the rectum involves a defect in the muscle at or very near to the lower end of the spine. Plaintiff testified that it "felt like a drop in my intestine back there" in the rectal area. We think "pain in his back and spine" was proved.

The Workmen's Compensation Act seems designed to eliminate the requirements of technical pleading but seems also designed to give to the employer full opportunity to ascertain the true nature of plaintiff's alleged injury. § 293, Title 26, provides:

" . . . The injured employee must submit himself to examination by the employer's physician at all reasonable times, if requested to do so by the employer but the employee shall have the right to have a physician of his own selection present at such examination . . . And in case of dispute as to the injury, the court may, at the instance of either party, or of its own motion, appoint a neutral physician of good standing and ability to make an examination of the injured person and report his findings to the court, the expense of which examination shall be borne equally by the parties. If the injured employee refuses to comply with any reasonable request for examination or refuses to submit to medical and surgical treatment and attention, or refuses to accept the medical service which the employer elects to furnish under the provisions of this chapter his right to compensation shall be suspended, and no compensation shall be payable for the period of such refusal. . . ."

We are not to be understood that a plaintiff should be permitted to allege, for example, an injury to a foot and prove loss of an eye, but we are of opinion that in the instant case, the employer was not prejudiced by the failure of plaintiff to use the words prolapse of the rectum or hernia in the instant complaint. The employer here did fully advise itself of the nature of

plaintiff's injury prior to the trial as is shown by questions relating to the pre-trial examination of plaintiff and the testimony of employer's expert witness who was a specialist in rectal disorders. Assignments 5, 6, and 7 are not sustained.

Assignments 13, 14, 15, and 16. Employer asserts that the court erred in its judgment on the merits, rendered July 25, 1962, in failing to require the plaintiff to submit to a corrective operation for his hernia as required by § 279(F)1, Title 26, Code 1940, Recompiled 1958.

The statute does provide that, all hernias shall be treated in a surgical manner by radical operation, and, if the injured employee refuses to undergo the radical operation, no compensation will be allowed during the time such refusal continues, subject, however, to exceptions based on the employee's health and physical condition. Title 26, § 279(F)1, Code 1940, Recompiled 1958.

We are not advised that the statute provides any specific procedure for giving effect to the provision for hernia operation as a condition to the continuance of payment of compensation. This court has expressed the view that the provision for hernia operation " . . . may present defensive matter to be duly invoked and pleaded, viz., set up by the answer," and that an answer, which is a mere general denial of liability, does not " . . . duly seek, *before* and at the trial, to invoke the opportunity and discharge . . ." the duty of the employer as to the desired and required surgical operation. (Emphasis supplied.) Woodward Iron Co. v. Vines, 217 Ala. 369, 372, 116 So. 514.

As we understand Vines, supra, this court indicated that the employer, who seeks to require the employee to submit to hernia operation, must raise such defensive matter before the trial. We think before the trial means by answer showing that the employer has offered to provide and is ready, willing, and able to provide the

hernia operation and that the other requirements of the statute in respect to the operation have been complied with. As was said in Gulf States Steel Co. v. Cross, 214 Ala. 155, 106 So. 870, with respect to an eye operation,

"A motion made upon the trial to suspend compensation until the employee submits to surgical treatment, which had not been tendered theretofore, may well be overruled, unless the tender of treatment is so made as to give the employee reasonable opportunity to be properly advised in that regard."

In the instant case, the answer of defendant merely denies certain allegations of the complaint and contains no averment as to an offer to furnish an operation made "before and at the trial." Certainly the court cannot be held to have erred in the judgment of July 25, 1962, by failing to require plaintiff to submit to an operation. Assignments 13, 14, 15, and 16 are clearly without merit.

Assignments 17 and 18. Employer assigns as error that the court erred in its "judgment of December 4, 1962 in failing to require the plaintiff to undergo a radical operation after defendant offered to pay the cost of such operation to the extent and within the limit provided in the Compensation Law of Alabama."

Employer's argument in support of these assignments seems to be embraced in the following statement in brief:

"To allow the plaintiff-appellee in this case to continue receiving compensation awarded by the trial court plus the two pensions he is now receiving would be completely relieving the trial court and the appellee from the duty placed on them by the Legislature when they enacted the hernia provision of the Act. . . ."

We have already said that the court did not err in failing to require the hernia operation in original judgment on merits granting compensation. We say this is not error because the employer did not properly offer to furnish and plead such offer before the trial. If we sustain Assignments 17 and 18, we, in effect, would declare a rule that the employer need not make and plead the offer of an operation before the trial if the employer will make such offer for the first time on the motion for new trial.

As to what might be the case if the employer were actually misled to his prejudice by plaintiff's failure to use the word, hernia, in the complaint we express no opinion. As stated above, the record indicates that the employer was fully advised of the nature of plaintiff's injury prior to the trial. In that situation, we do not think the statute permits the employer to have a new trial or an amended judgment requiring an operation, by offering to furnish the operation for the first time on motion for new trial.

The reasons for this view are that the statute does not so provide; that the provisions of subdivision (F)1 of § 279, Title 26, have been several times re-enacted without substantial change since the decision in Vines, supra; that to allow the offer for first time on motion for new trial will necessitate the delay caused by a second trial to determine whether the plaintiff must submit to the operation; and that the delay is contrary to the policy of the statute "to have done with proceedings under the Compensation Act in the shortest order consistent with the due administration of justice." Wetter Pipe Co. v. Williams, 223 Ala. 220, 135 So. 172.

If the instant plaintiff is, in truth, relieved of any duty placed on him with respect to an operation, it is due not to an error of the court but to the employer's failure to make and plead the offer of an operation before the trial.

Appellant timely filed its motion for new trial and later, more than thirty days after

the original judgment, undertook to amend the motion. We pretermit consideration of the propriety of such amendment or its effect on the time for appeal.

Affirmed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.