This is a workmen's compensation case.
After an ore tenus trial, the circuit court awarded compensation to the employee with a finding that he suffered a seventy-five percent permanent partial disability to the body as a whole. The employer appeals and here contends that there was no evidence to support such finding and judgment of the trial court.
We have reviewed the record on appeal and the appendix furnished to us. A detailed statement of the tendencies of the evidence would not serve any precedential purpose. It suffices to state that the evidence indicates that this fifty-five-year-old employee, who had continuously worked for his employer for almost thirty-six years, injured his back while engaged in his employer's work; that, as a proximate result of which, he underwent surgery to his lower back, but that he still experiences continuous and rather severe pain and some numbness in areas of his hip, side, groin and leg; and that the pain worsens according to his activity, which creates a problem as far as continuing to work.
In workmen's compensation cases our scope of review as to factual matters is strictly limited to an examination of the trial evidence to determine if any legal evidence was supportive of the findings of the trial court. If so, we must affirm the trial court's judgment as to the raised issue of fact, for this court does not consider the weight of the evidence but only its existence. Agan v. Union Foundry Co.,404 So.2d 71 (Ala.Civ.App. 1981); Health-Tex, Inc. v. West,401 So.2d 88 (Ala.Civ.App.), cert. denied, 401 So.2d 90 (Ala. 1981); Bazzell v. Reeves, 374 So.2d 902 (Ala.Civ.App. 1979). The evidence in this case upholds the findings of the trial court. It is not required that exact evidence be presented by any witness in the precise words that "the employee suffered a seventy-five percent (75%) permanent partial disability to his body as a whole" in order to sustain such a finding by the trial court, for, in making such a determination as to the extent of disability, the trial court must consider all of the evidence, including its own observations, and interpret it according to its own best judgment. Semmes Nurseries, Inc. v.McVay, 279 Ala. 42, 181 So.2d 331 (1965); Albertville NursingHome v. Upton, 383 So.2d 544 (Ala.Civ.App. 1980). We cannot say that there is no evidence or basis for the trial court's findings in this case. Therefore, we affirm the judgment of the circuit court.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur. *Page 853