Leota Penhale sued her employer, Shop-A-Snak Food Mart, Inc., to recover workmen's compensation benefits she claims she was owed for injuries she received in an on-the-job accident on August 30, 1991. She sustained a second, unrelated on-the-job accident on June 7, 1992. She agreed to a settlement of her workers' compensation benefits in that case, and the trial court approved the settlement.
A hearing was held in Penhale's lawsuit seeking benefits for her first injury. After receiving ore tenus evidence, the trial court determined that Penhale was permanently and totally disabled as a result of the August 30, 1991, accident, and awarded benefits accordingly. Shop-A-Snak appeals.
Shop-A-Snak first contends that under the "last injurious exposure rule," Penhale's claims are barred or limited by virtue of the settlement agreement reached in regard to Penhale's second injury. We disagree. In the first accident, which resulted in the lawsuit of which this appeal is a part, Penhale injured her right hand, wrist and arm. In the second accident, which resulted in the settlement agreement, Penhale injured her left hand and wrist. The settlement agreement, which has been made a part of the record in this case, specifically applies only to the injury that arose out of the *Page 481 
second accident and has nothing to do with the earlier injury. Shop-A-Snak's contention that the settlement agreement has any bearing or res judicata effect on the first accident is without merit because the facts underlying the settlement agreement are different than the facts underlying this case. See,Benetton S.p.A. v. Benedot, Inc., 642 So.2d 394, 399 (Ala. 1994).
Shop-A-Snak also argues that Penhale improperly recovered damages for injuries outside those alleged in her complaint, i.e., the injuries to her right hand, thumb, wrist, arm, and body as a whole that occurred on August 30, 1991. Because the complaint does not allege that Penhale had carpal tunnel syndrome, Shop-A-Snak says its defense was prejudiced. We disagree.
The Alabama Supreme Court dealt with a similar issue inSemmes Nurseries, Inc. v. McVay, 279 Ala. 42, 181 So.2d 331
(1965). In that case, an employee alleged in his complaint that, during the course of his employment, he stooped over, felt sudden pain in his back and spine, and since then he had been totally and permanently disabled. At trial, the employee proved that he had suffered a prolapse of the rectum, or a hernia. The employer argued that it had been prejudiced because the employee had alleged an injury to his back but had proven a hernia. Testimony in the case showed that a prolapse of the rectum involves a defect in the muscle near the lower end of the spine. The employee also testified "that it 'felt like a drop in my intestine back there.' " Id. at 48, 181 So.2d 331. The Supreme Court held that the employee proved "pain in his back and spine" as alleged in the complaint. The Supreme Court then explained,
 "We are not to be understood that a plaintiff should be permitted to allege, for example, an injury to a foot and prove loss of an eye, but we are of opinion that in the instant case, the employer was not prejudiced by the failure of plaintiff to use the words prolapse of the rectum or hernia in the instant complaint. The employer here did fully advise itself of the nature of plaintiffs injury prior to the trial as is shown by questions relating to the pre-trial examination of plaintiff and the testimony of employer's expert witness who was a specialist in rectal disorders."
Id. at 48, 181 So.2d 331.
Pleadings in a workers' compensation case are to be construed to serve the beneficent purpose of the Workers' Compensation Act. Brandon v. Humana Hospital — Huntsville, 598 So.2d 950. In addition, workers' compensation actions are governed by the same rules and statutes as other civil actions. Gold Kist, Inc.v. Mullinax, 650 So.2d 937 (Ala.Civ.App. 1994); § 25-5-88, Ala. Code 1975. Rule 8(a), Ala. R. Civ. P., provides that a complaint shall contain "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks."
In her complaint, Penhale alleged that while working in a stand-up cooler at the Shop-A-Snak store where she was employed, she slipped and fell and "suffered serious injury to her right hand, right thumb, right wrist and right upper extremity and to her body as a whole." She then provided undisputed testimony that since the accident, she has continuously suffered from pain and swelling of her right arm, hand, and wrist. The deposition of Penhale's treating physician, Dr. John Sherrill, includes a discussion of carpal tunnel syndrome, and there is no doubt that the employer was aware Penhale suffered from carpal tunnel syndrome to her right hand before the trial.
We can find no authority, and the employer has not provided us with any authority, that would require an injured employee to plead a specific diagnosis to explain his work-related injury. We hold that Penhale proved the allegations set forth in her complaint and that Shop-A-Snack was not prejudiced by Penhale's proving that she suffered from carpal tunnel syndrome.
Shop-A-Snak also contends that the evidence does not support the trial court's finding that Penhale was permanently and totally disabled. Because Penhale's accident occurred in August 1991, her case is governed by the old workmen's compensation standard. This court's review in a workmen's compensation case is limited to a determination *Page 482 
of whether there is any legal evidence to support the trial court's findings. If such evidence exists, this court must then determine whether a reasonable view of that evidence supports the trial court's judgment. Ex parte Eastwood Foods, Inc.,575 So.2d 91 (Ala. 1991). "Where one reasonable view of the evidence supports the trial court's judgment, the judgment must be upheld, even if another, perhaps better reasoned, view of the evidence might have dictated a different outcome." Ex parteVeazey, 637 So.2d 1348, 1349 (Ala. 1993).
Dr. Sherrill said in his deposition that he believed that Penhale's injury to her right hand, arm, and wrist resulted in "first compartment syndrome," or a sprain, and that the injury probably healed within a month. He also said that a layperson would most likely not be able to tell the difference between pain caused by first compartment syndrome and pain caused by carpal tunnel syndrome.
Penhale testified that she had been in pain since the August 30, 1991, injury, but that she had not been in pain or unable to do her job before the accident. She said that after the accident, she continued to work for a time because she needed the money, but that the pain had worsened to the point that she could no longer work, she must take medication to relieve the pain; and she suffers from sleeplessness because of the pain. She has had to limit activities that require use of her hand or wrist, and has trouble with repetitive motion tasks.
In its order, the trial court expressly found that Penhale's
 "unrefuted testimony is that she had no problems with her right wrist before her 1991 work-related injury and that she has experienced pain and swelling to that area of the body consistently since the date of her August 30, 1991 injury. Dr. Sherrill also testified that trauma can make the carpal tunnel condition symptomatic where it has been previously asymptomatic. The Plaintiff says the condition of her right wrist has gotten worse since the aforesaid injury."
The trial court also found that although Penhale, who was 60 years old at the time of trial, had a G.E.D., she had only a ninth-grade education and no college or technical training. Her work experience consists of working as a clerk in a convenience store and stocking a book store. The trial court then said that based on the evidence, its observation of the witnesses, and considering Penhale's age, education, work experience, and training, it found that Penhale was permanently disabled as a result of the August 30, 1991, accident, and had suffered a total loss of ability to earn.
In determining the extent of disability, the trial court must consider all the evidence, including its own observations, and it is not bound by the testimony of experts. Southern AluminumCastings Co. v. Whatley, 560 So.2d 1086 (Ala.Civ.App. 1990). Also, "[a]n injured employee's own subjective complaints of pain are legal evidence which may support a finding of disability." Jim Walter Resources, Inc. v. Budnick,619 So.2d 926 (Ala.Civ.App. 1993) (and cases cited therein). We note that Shop-A-Snak did not present any evidence to refute Penhale's testimony regarding her pain and her inability to work. The employer did not provide the court with any evidence that Penhale was less than totally disabled, nor did it present any evidence from a vocational expert as to Penhale's loss of earning ability or vocational loss.
Bearing in mind our standard of review in this case, we cannot say that the trial court's judgment is not supported by any evidence, and, even though we might have reached a different conclusion in this case, the trial court's view of the evidence as set forth in his judgment is a reasonable view which supports that judgment.
We note that Judge Thompson, in his dissenting opinion, would reverse the trial court because, he says, the judgment "allows an award of benefits based upon greater than a 100% disability." Shop-A-Snak did not raise or argue this issue in its brief on appeal. The law is well settled that no matter will be considered on appeal that is not properly presented and argued in brief. Sullivan v. Alfa Mutual Insurance Co.,656 So.2d 1233 (Ala.Civ.App. 1995); Mullins v. Mullins, *Page 483 416 So.2d 1063 (Ala.Civ.App. 1982). Issues not argued in a party's brief are waived. Pardue v. Potter, 632 So.2d 470 (Ala. 1994); Deutcsh v. Birmingham Post Co., 603 So.2d 910 (Ala. 1992); Reed v. Tucker, 598 So.2d 840 (Ala. 1992); Bogle v.Scheer, 512 So.2d 1336 (Ala. 1987); Boshell v. Keith,418 So.2d 89 (Ala. 1982); and Sullivan, supra. For this court to suddenly take it upon itself to search for errors and to begin reversing trial courts based on issues not raised by the parties would be a reckless disregard for established — and necessary — procedure.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.
CRAWLEY, J., concurs in the result.
THOMPSON, J., dissents.