## ELLIS & LEWIS, Inc., et al. v. JAMES et al.

No. 22523. Opinion Filed March 22, 1932.

Clayton B. Pierce and Fred M. Mock, for petitioners.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

CULLISON, J. This is an original proceeding before this court to review an order and award of the State Industrial Commission entered on May 29, 1931, in favor of T. F. James.

The pertinent facts in this case are that claimant, T. F. James, received an accidental compensable injury on October 7, 1930, in the nature of an injury to his hand, while employed by J. W. Conner, a subcontractor, who had contracted the job for Ellis & Lewis, Inc.

Pursuant to the hearings held in this cause, and the testimony taken, the Industrial Commission entered the following order and award (omitting caption):

"Order.

"Now on this 29th day of May, 1931, the State Industrial Commission being regularly in session, this cause comes on for consideration pursuant to hearing had at Muskogee, Okla., on the 6th day of May, 1931, before Commissioner Fred H. Fannin to determine liability and extent of disability; at which hearing claimant appeared in person, respondent J. W. Conner appearing not, respondent Ellis & Lewis and their insurance carrier, Southern Surety Company, being represented by A. J. Follens, and a subsequent hearing had at Oklahoma City, Okla., on the 27th day of May, 1931, to take further testimony before Commissioner Fannin; same appearances being noted, and the Commission, after examining the testimony taken at said hearings, all the reports on file, and being otherwise well and sufficiently advised in the premises, finds:

"(1) That claimant, T. F. James, on and prior to October 7, 1930, was in the employ of respondent J. W. Conner; that respondent J. W. Conner was a subcontractor for Ellis & Lewis, owning the trucks and hiring the workmen; that while riding on one of the trucks he was thrown to the ground, fracturing the middle third of the scaphoid bone of the wrist with misplacement of the fragment; also a backward displacement of the os magnum upon the semilunder.

"(2) That as a result of said accidental injury, claimant was temporarily totally disabled from October 7, 1930, to December 2, 1930, being seven weeks and 1 day beyond the five day waiting period; that said injury has resulted in a permanent partial disability to the extent of 50 per cent. loss of use of the claimant's left hand.

"(3) That claimant's daily wage at the time of the injury was $2.50.

"The Commission is of the opinion: By reason of the foregoing facts, that respondent J. W. Conner is held primarily liable to the claimant, and respondent Ellis & Lewis or its insurance carrier, Southern Surety Company, are held secondarily liable to the claimant, for temporary total compensation at the rate of $9.61 per week from October 7, 1930, to December 2, 1930, less the five day waiting period, in the amount of $68.87 and that claimant is entitled to 100 weeks' compensation at the rate of $9.61 per week for 50 per cent. loss of use of his left hand, in the amount of $961, and that claimant is entitled to all medical expense incurred by him as a result of said injury.

"It is therefore ordered: That within 15 days from this date, J. W. Conner, as primarily liable, or Ellis & Lewis, or their insurance carrier, Southern Surety Company, as secondarily liable, pay the claimant herein $68.87 for temporary total disability from October 7, 1930, to December 2, 1930, and compensation at the rate of $9.61 per week computed from December 2, 1930, to May 27, 1931, being 25 weeks and 1 day, in the amount of $241.85, and continue to pay claimant compensation at the rate of $9.61 per week until 100 weeks' compensation shall have been paid, and pay all medical expense incurred by claimant as a result of said injury.

"It is further ordered: That within 30 days from this date, the respondents or insurance carrier, or either of them, file with this Commission proper receipt or other report evidencing compliance with the terms of this order.

"Order and opinion by Commissioner Fannin. Upon the adoption of the foregoing order the roll was called and the following voted aye: Chairman Doyle. Commissioner Fannin."

J. W. Conner does not appeal from said

order, but is made a respondent herein, together with the claimant and the State Industrial Commission, by Ellis & Lewis, Inc., and its insurance carrier, Southern Surety Company of New York, petitioners herein.

Petitioners appeal from said award and assign as error the following proposition:

"Proposition.

"Where the evidence shows that the injured member should have been wholly cured had the claimant taken advantage of the medical treatment offered by the employer, then compensation for any permanent disability should be denied for the reason that it would be unfair to charge the employer with a disability prolonged and made permanent by the disinclination of the injured man to make the cure complete."

It will be observed that petitioners urge that the award should be reversed on the ground that claimant did not avail himself of medical attention offered by petitioners, and that the disability was the result of such refusal, and not the result of the accident.

It becomes necessary to review the evidence as it relates to this contention.

The record discloses that the only one who did anything for claimant was J. W. Conner, who is made a party respondent in this appeal. The evidence fails to show that Conner did anything more than call Dr. Hamm over to claimant's rooming house to treat claimant. The evidence shows that claimant was paying the doctor bills himself, and that neither Conner nor the petitioners in this proceeding ever provided the claimant with medical attention and treatment. Dr. Hamm put splints on claimant's hand and continued to treat claimant numerous times until the claimant ran out of money and could not afford treatment any longer. Claimant testified that Dr. Hamm permitted him to go home, in view of his financial condition, with the admonition to keep the splints on his hand from a month and a half to two months. Claimant kept the splints on his hand that long or longer.

Section 7288, Compiled Oklahoma Statutes, 1921, as amended by chapter 61, sec. 5, Session Laws 1923, provides in part:

"Section 7288. Medical Treatment and Care. The employer shall promptly provide for an injured employee such medical, surgical or other attendance or treatment, nurse or hospital service, medicine, crutches, and apparatus as may be necessary during 60 days after the injury or for such time in excess thereof as in the judgment of the Commission may be required. If the employer fails or neglects to provide the same within a reasonable time after knowledge of the injury, the injured employee, during the period of such neglect or failure, may do so at the expense of the employer; provided, however, that the injured employee or another in his behalf, may obtain emergency treatment at the expense of the employer where such emergency treatment is not provided by the employer. * * *"

This statute clearly places the duty upon the employer to provide proper medical treatment.

The record shows that the employer, Conner, as well as the petitioners herein who question this award (namely, Ellis & Lewis, Inc., and its insurance carrier, Southern Surety Company of New York), wholly failed in their statutory duty to provide medical attention to this claimant.

The petitioners having failed to discharge their statutory duty, the defense urged by the petitioners in this case is not open to them.

In the case of White Oak Refining Co. et al. v. Whitehead et al., 149 Okla. 297, 298 Pac. 611, this court said:

"The claimant owes a duty not only to his employer but to himself and his family to return himself to perfect health as speedily as possible, and to this end he is required to act reasonably, and, on the other hand, the employer owes him the duty to promptly furnish him necessary medical, surgical, or other attendance or treatment, nurse and hospital services, medicines, crutches and apparatus as may be necessary during 60 days after the injury or such time in excess thereof as in the judgment of the Commission may be required, and unless he unreasonably refuses to take treatment as an ordinarily prudent and courageous person would submit to for his own benefit and comfort, no question of compensation involved, the claimant will not be barred from recovering compensation unless it is established as a fact that employer has offered hospitalization or medical attention and the claimant has unreasonably refused the same."

In the case at bar the record discloses that petitioners herein not only denied liability at all times but entirely failed to provide any sort of medical attention for this claimant. They are thereby precluded from raising the contention that claimant unreasonably refused proper medical attention.

The award of the Industrial Commission is affirmed.

LESTER, C. J., CLARK, V. C. J., and

RILEY, HEFNER, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur; McNEILL, J., absent.