JAMES A. BISHOP *vs.* FRANK MORROW COMPANY, INC.

JANUARY 29, 1943.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This is a petition under the workmen's compensation act. After a hearing before the director of labor, resulting in a decision and order in favor of the petitioner, the respondent appealed to the superior court, one of the reasons of appeal being that the alleged injury of the petitioner did not arise out of and in the course of his employment.

After a hearing before a justice of the superior court upon the appeal, he made a decision in favor of the petitioner and entered a decree making numerous findings of fact in favor of the petitioner and ordering compensation to be paid to him by the respondent, his employer. The cause is now before us on the respondent's appeal from this decree.

The trial justice in his decree found as facts that the petitioner incurred a left inguinal hernia, as a result of an accident on October 8, 1941 arising out of and in the course of his employment by the respondent, and needs an operation for such hernia; that by reason of such hernia he was totally incapacitated from October 17, 1941, when he ceased to be employed by the respondent, to January 5, 1942, and also from March 6, 1942 to the entry of the decree; that he was

"entitled to have the hernia repaired" and should, as a condition of future compensation, submit to an operation for that purpose; and that his average weekly wage for six months preceding October 17, 1941, when his employment by the respondent ceased, was $38.90.

The trial justice therefore ordered, in his decree, that the respondent pay to the petitioner total disability compensation of $19.45 weekly from October 17, 1941 to January 5, 1942, when he obtained gainful employment in clerical work, and from March 6, 1942, when such employment ceased, until an operation for his hernia should be performed; but that unless such operation should be performed within twenty days after the entry of the decree, compensation should cease until the performance of such operation.

The trial justice also ordered, in his decree, that after such operation the respondent should pay to the petitioner total disability compensation, at the rate of $19.45 per week until recovery from the operation and the removal of his incapacity, but not to exceed the period of time prescribed by statute; that the respondent should pay the bill, amounting to $11, of a physician whom the petitioner had consulted with regard to his hernia, and should pay all reasonable hospital and medical expenses for the operation.

In its appeal the respondent stated many reasons, but before us has insisted on only two of them. One of these is that the trial court erred in finding that the petitioner was totally incapacitated from October 17, 1941 to January 5, 1942 and from March 17, 1942 to and including the date of the decree.

The evidence showed that the petitioner, the next day after his employment by the respondent ceased, applied for employment to an important manufacturing corporation in this state and was accepted subject to examination for physical fitness; that he was then examined and it was discovered that he had a hernia; and that therefore he was rejected; that he had continued to try to get work but, because of his hernia, the only employment that he had

obtained was the above-mentioned clerical work from January 5, 1942 to March 6, 1942. We have examined the evidence before the trial justice and we cannot say that any of his findings of fact in the decree was without support in the evidence. We therefore find no merit in this reason of appeal.

The second of the reasons of appeal that are relied on before us by the respondent raised solely the question which is stated in its brief as "whether the petitioner's failure to have operative treatment should prevent him from receiving compensation for the period during which he failed to have such treatment."

To support this reason of appeal the respondent quotes the following from 71 C. J. 639, concerning workmen's compensation acts: "Further, notwithstanding some dissent, it has been held, in the absence of provision in the statute, that a continuing disability due to the *willful or unreasonable refusal* of claimant to submit himself to safe and simple surgical treatment or medical treatment is not proximately caused by the accident; . . . ." (italics ours) The proper meaning of this quoted language is indicated by the language of the second sentence following it, *viz.*: "Moreover, although the statute requires the employer to furnish medical services, the employee by refusing such services does not forfeit his right to compensation unless such refusal is unreasonable or willful." Considering the paragraph as a whole, we cannot see that it supports the above-stated contention of the respondent.

The respondent relies also upon certain language quoted, in its brief, from the opinion of this court in *Gorral* v. *Hamlyn & Son,* 38 R. I. 249, a case under the workmen's compensation act. The part of the quoted language this it especially relied upon begins at the end of page 251 and is as follows: "The injured workman must do nothing to aggravate his condition or prevent his recovery."

But it should be noticed that in that case this court held that, if it is claimed that the disability has been aggravated and a cure prevented by the neglect of the injured person,

the burden of proving this is on the employer. It should also be noticed that in that opinion it was stated that "the respondents did not deny that the petitioner was injured in his left knee, causing synovitis in said knee by an accident arising out of and in the course of his employment by the respondents."

It seems clear to us that the fact thus stated distinguishes that case from the instant one, in which the respondent, until after the case reached this court, denied that the petitioner's hernia resulted from an accident arising out of and in the course of his employment by the respondent, thus denying any obligation to pay the expenses of surgical treatment for such hernia, and there is nothing to indicate that it ever offered to pay such expenses. We therefore are of the opinion that there is nothing in the *Corral* case which is inconsistent with the decree entered in the instant case.

The respondent relies also upon *Western Cloth Co.* v. *Industrial Com.*, 308 Ill. 554, in which the supreme court reduced the amount of compensation which the lower tribunals had found to be payable by an employer to one of its employees by reason of an injury to her thumb suffered in the course of her employment and resulting in a serious infection. One of the reasons given for the reduction was that the extent of the impairment in her use of the thumb was largely due to her unreasonable refusal to follow the advice of any of several physicians as to treatment of it, which would have greatly reduced such impairment. But in the opinion the court says: "It appears from the record that first aid, medical, surgical and hospital service has been furnished by the plaintiff in error." We therefore are of the opinion that the case does not support the contention of the respondent in the instant case.

The respondent relies also upon *Neault* v. *Parker-Young Co.*, 86 N. H. 231. But in that case compensation under the workmen's compensation act had been awarded by the trial court, and a finding had been made of total future incapacity of the employee, unless relieved by an operation. The award

had given him compensation for a probable period of disability less than the statutory limit of time and had made an allowance to him of the probable expense of an operation necessary to be performed to overcome the disability. It had also been found that it was reasonable for the injured employee to undergo the operation and that it would be successful.

The injured employee took the case, upon a bill of exceptions, to the supreme court, which sustained the award. In doing so, it said, at page 233: "The principle that if it is reasonable to submit to an operation, the consequences of a refusal are not a part of the disability for which compensation is to be given, is generally recognized." But in view of the use, in this quoted language, of the word "refusal" and in view of the facts that a special allowance had been made, in the lower court, for the expenses of an operation and it had there been found that it was reasonable for him to undergo the operation, we cannot see that the case supports the contention of the respondent in the instant case.

The respondent relies also upon *Lesh* v. *Illinois Steel Co.,* 163 Wis. 124. But in that case the court states that the employer corporation had for a considerable period paid unemployment compensation to the injured employee and had, following the directions of the industrial commission, provided the necessary surgical and medical treatment for him; but that he had refused to submit himself to such treatment; and that any disability for which he was claiming further compensation "resulted directly from his own wilful refusal to submit himself to safe and simple medical treatment . . . ."

We have examined all the other cases cited by the respondent as supporting its contention on this point and do not find that any of them lays down a rule that would require a decision for the employer in the instant case.

As against the contention of the respondent on this point the petitioner cites many authorities, one of which is *Ellis & Lewis, Inc.* v. *James,* 156 Okla. 12. There the employers,

referred to in the opinion as the "petitioners", denied liability and failed to provide the employee with medical service, and the court says: "In the case at bar the record discloses that petitioners herein not only denied liability at all times but entirely failed to provide any sort of medical attention for this claimant. They are thereby precluded from raising the contention that claimant unreasonably refused proper medical attention." We are of the opinion that this states the correct rule and that this rule has the support of numerous authorities. No case has been called to our attention nor have we found any that seems to us to support an inconsistent rule.

In the instant case the testimony shows that the respondent never offered to pay the expenses of a surgical operation for the petitioner's hernia and that it never admitted any liability for compensation to him. And there was testimony by him that he could not afford to pay for such an operation. We therefore are of the opinion that the evidence did not show that his continuing disability was due to a willful or unreasonable refusal by him to have such an operation performed. Hence, we find no merit in the second of the reasons of appeal relied on before us by the respondent.

The only two grounds of appeal relied upon before us having been found to be without merit, we are of the opinion that the appeal should be denied and dismissed. The decree appealed from provides, in paragraph 7 thereof, that "unless said operation is performed within 20 days hereof, said compensation shall cease until said operation is performed." Obviously, this period of twenty days should be made to begin to run when this cause is returned to the superior court.

The appeal of the respondent is denied and dismissed, the decree appealed from is affirmed, except as above stated; and the cause is remanded to the superior court for further proceedings in accordance with this opinion.

*John C. McOsker,* for petitioner.

*Sherwood & Clifford, Sidney Clifford, Raymond E. Jordan,* for respondent.