**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Cecil R. CURRY, Appellee.**

No. 7327.

Court of Civil Appeals of Texas.

Texarkana.

May 23, 1961.

Donald Carroll, Ramey, Brelsford, Hull & Flock, Tyler, for appellant.

Fields & Fields, Athens, for appellee.

FANNING, Justice.

The opinion of May 2, 1961, is withdrawn and the following opinion is substituted in lieu thereof.

This is a workmen's compensation insurance case where plaintiff Cecil R. Curry, alleging back, disc and other injuries, sought judgment for total and permanent disability. Trial was to a jury. Upon the jury's findings and stipulations on certain matters made by the parties the trial court rendered judgment for plaintiff in the amount of $10,783.07, with certain stated interest thereon. Defendant insurance company has appealed.

Medical testimony asserting the beneficial effects of surgery upon a herniated disc was introduced in evidence by appellant over the objections of appellee. Appellee also prior thereto moved that such testimony be suppressed which motion was overruled by the trial court. By trial amendment appellant plead the curative effects of surgery upon a herniated disc.

Appellant requested submission to the jury of six special issues relating to the curative effects of surgery. These requested issues were refused by the trial court, appellant also objected and excepted to the court's charge because of the omission and failure to submit such requested issues to the jury, and appellant's nine points on appeal complain of the trial court's rulings with respect to these matters.

The hearing before the Industrial Accident Board was set for February 16, 1960, of which hearing all parties had due notice as found by the Board in its final award. On February 16, 1960 (the date set for the hearing) the Industrial Accident Board received a letter dated February 12, 1960, from appellant insurance company demanding a surgical operation upon appellee.

On March 8, 1960, the Industrial Accident Board made its final award in the cause awarding appellee Curry certain benefits from which award Curry appealed. In this award however the Board made the following ruling with respect to appellant's demand for surgery, to-wit: "That demand for surgery by Texas Employers'

Insurance Association is denied for the reason that named insurer did not comply with Board rule 5.20." The Board thus did not order a surgical operation to be performed upon appellee, and the record shows that no surgical operation was performed upon appellee.

Rule 5.20 of the Board in essence provides that written demand for surgical operation must be filed with the Board at least seven calendar days immediately prior to the hearing. Art. 8307, Sec. 4, Vernon's Ann.Tex.Civ.St., authorizes the Board to make rules not inconsistent with the Workmen's Compensation Law for carrying out and enforcing its provisions. Rule 5.20 is reasonable and valid on its face and has not been attacked by appellant.

We therefore hold that since appellant's written demand for surgery was *not timely filed* with the Industrial Accident Board under its Rule 5.20, the Board had ample authority to refuse appellant's demand for surgical operation upon appellee.

Medical testimony asserting the beneficial effects of surgery upon a herniated disc is not admissible in evidence in a workmen's compensation insurance case over the objections of the injured workman where the record shows that the insurer did not admit liability to the injured workman and no operation was tendered or requested in the proceedings before the Industrial Accident Board. Truck Insurance Exchange v. Seelbach, Tex., 339 S.W. 2d 521.

Under the record in this cause medical testimony asserting the curative effects of surgery upon a herniated disc was not admissible in evidence in this cause over the objections made by appellee.

We hold that the trial court did not err in refusing to submit to the jury the six issues specially requested by appellant, and did not err in overruling appellant's objections and exceptions to the Court's charge. All of appellant's points are overruled.

The judgment of the trial court is affirmed.