**STANDARD INSURANCE COMPANY,**
Appellant,

v.

**James BIGGERS, Appellee.**

**No. 3960.**

Court of Civil Appeals of Texas.

Waco.

Nov. 30, 1961.

Rehearing Denied Dec. 21, 1961.

Strasburger, Price, Kelton, Miller & Martin, John H. Hall, Dallas, for appellant.

Hill, Brown, Kronzer & Abraham, Bill Allen, Houston, Bowlen Bond, Teague, for appellee.

McDONALD, Chief Justice.

This is a workmen's compensation case. Parties will be referred to as in the Trial Court. Plaintiff was injured in the course of his employment, sustaining injuries resulting in a ruptured or herniated disc in his back. *Six* days before the date set for hearing before the Board, the defendant insurance carrier tendered surgery to the plaintiff. The tender was at first accepted but such acceptance was withdrawn 2 days later. The Board replied to the insurance carrier: *"In accordance with Rule 5.20, your request for Board action of the request for surgery was not timely filed in accordance with present Board Rules"*, and advised that it would not act on the insurance carrier's demand for surgery.

Trial was to a jury and resulted in a verdict of total and permanent disability. The Trial Court entered judgment for plaintiff on the verdict.

Plaintiff appeals on 23 points, the basic contention of all of which is that: "the Board's so-called 7-day rule is void because it is in conflict with the Statute on the Rule, and even assuming the Board could proclaim a rule dealing with the general subject matter, the application of it to the facts in this case was arbitrary and capricious."

Based on the foregoing premise, defendant insurance carrier sought to file pleadings and introduce testimony as to the beneficial effect of surgery upon a herniated disc (and limit liability to compensation for 52 weeks under the penalty provisions of Article 8306, Sections 12b and 12e.)

Rule 5.20 of the Board in essence provides that written demand for or tender of surgical operation must be filed with the Board at least 7 calendar days immediately prior to the hearing. Art. 8307, Sec. 4, Vernon's Ann.Tex.St., authorizes the Board to make rules not inconsistent with the Workmen's Compensation Law for carrying out and enforcing its provisions.

We think that Rule 5.20 is both valid and reasonable, both generally and as applied to the facts in the case at bar.

Since the insurance carrier's demand for surgery was not timely filed with the Industrial Accident Board under its Rule 5.20, the Board had ample authority to refuse the insurance carrier's demand for surgical operation upon plaintiff. Texas Employers' Ins. Ass'n v. Curry, Tex.Civ. App., W/E Refused, 347 S.W.2d 334.

**292**

The Trial Court did not err in refusing to permit defendant insurance carrier to plead, present evidence on, and submit issues on the beneficial effects of an operation; or to limit plaintiff's recovery under Article 8306. Texas Employers' Ins. Ass'n v. Curry, Tex. Civ.App., W/E Refused, 347 S.W.2d 334.

All of defendant's points and the contentions thereunder made are overruled. The judgment of the Trial Court is affirmed.