276 So.2d 608

**John A. GLOVER**

**v.**

**HOWELL PLYWOOD COMPANY, INC.**

**Civ. 109.**

Court of Civil Appeals of Alabama.

April 18, 1973.

Smith & Smith, Dothan, for petitioner.

Alto V. Lee, III, Huey D. McInish, and William L. Lee, III, Dothan, for appellee.

HOLMES, Judge.

Review is sought in this case by way of writ of certiorari as required by Tit. 26, § 297, Code of Alabama 1940.

Petitioner sued respondent in the Circuit Court of Houston County, Alabama, for injuries allegedly suffered from an accident that occurred while petitioner was discharging duties in the course of his employment by appellee.

A judgment was entered based upon a finding by the trial court that petitioner suffered permanent partial injuries of 30% to his body as a whole and compensation was awarded accordingly.

The record reveals that petitioner, whose main job was feeding bark from logs into a machine, was injured on May 2, 1969, when a load of plywood fell, striking petitioner on the shoulder and back, and knocking petitioner into a hole under the machine. Petitioner was hospitalized and treated for a period of five days and then released to go back to work. However, because of pain in his back and leg which continued until the date of trial, petitioner did not return to work and continued to be treated by doctors.

On July 9, 1969, petitioner was referred to a doctor in Georgia who operated and removed two discs from his back. Petitioner was advised to return to some type of gainful employment.

Medical testimony reveals that in the judgment of one of the treating physicians, petitioner suffered a 25% disability of the body as a whole. Another physician testified that in his judgment petitioner suf-

fered 15% impairment on a physical basis. Medical testimony further indicates that petitioner should avoid physical activities involving heavy lifting and excessive bending or stooping.

Petitioner has a ninth grade education; is able to read and write; and is able to drive his car.

After sustaining his injury on May 2, 1969, petitioner did not return to his job nor has petitioner made an application for any other type of work.

■ Petitioner assigned eight grounds of error, but argued only four of the eight grounds. Those grounds not argued are deemed waived. Rule 9, Revised Rules of the Supreme Court of Alabama.

The thrust of petitioner's Assignments of Error 2 and 3 are that the trial court erred in its determination that petitioner suffered a 30% permanent partial disability in that petitioner suffered a total permanent disability or was disabled in an amount greater than 30% to the body as a whole. Petitioner further contends in Assignments of Error 6 and 8 that the trial court erred to reversal in that it did not consider the education, training, age, and physical condition of the petitioner in arriving at its determination of a 30% permanent partial disability.

We cannot agree with able counsel's contentions.

In the learned trial court's decree, the following is found:

"In consideration of all of the testimony in this case, and construing the same most liberally in behalf of the Plaintiff, and taking into consideration the education and prior employment of Plaintiff, . . .."

■ As our now Presiding Judge Wright stated in Aluminum Workers International v. Champion, 45 Ala.App. 570, 572, 233 So.2d 511, 512:

"As in every workmen's compensation case coming for review before an appel-

late court, we must begin our consideration with the following well settled rules in mind. We will not review the weight or preponderance of the evidence. Pinto Island Metals Co. v. Edwards, 275 Ala. 351, 155 So.2d 304; Sloss-Sheffield Steel & Iron Co. v. Watts, 236 Ala. 636, 184 So. 201. When there is any legal evidence, or reasonable inference therefrom, to support the findings of fact by the trial court, such findings are conclusive and will not be disturbed on appeal. Kroger Co. v. Millsap, 280 Ala. 531, 196 So.2d 380; Hamilton Motor Co. v. Cooner, 254 Ala. 422, 47 So.2d 270; United States Steel Corp. v. Danner, 263 Ala. 310, 82 So.2d 404."

■ It is clear that the scope of review and the duty of this court in a workmen's compensation case is simply to ascertain whether there is any legal evidence to sustain the conclusion of the trial court. If any reasonable view of the evidence supports such conclusion, then the judgment will not be disturbed. Aluminum Workers International v. Champion, *supra*; Tit. 26, § 297, Code of Alabama 1940, as amended; Alabama Textile Products Corp. v. Grantham, 263 Ala. 179, 82 So.2d 204.

With the above in mind, and after careful examination of the record in this case, it is clear that the trial court committed no error to reversal in its finding.

The testimony of the doctors to the effect that petitioner suffered from 15% to 25% disability of the body as a whole and should return to some type of gainful employment, and the testimony concerning petitioner's education and prior employment was sufficient to furnish the trial court with a proper basis for a finding.

We are further mindful that our esteemed former Presiding Judge Thagard in McCarty v. Campbell Plumbing Co., 45 Ala.App. 617, 620, 234 So.2d 895, 897, 898, stated:

"It is not within [the] province of this court to determine or establish the percentage of disability of an injured employee, but instead we are restricted to determining whether or not the award given by the trial court was supported by the evidence. . . ."

In this instance the award is supported by the evidence.

After review of the record in light of the errors assigned and argued by petitioner, we hold that the errors are not well taken and that the judgment of the trial court should be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.