278 So.2d 374

**MISCO, INCORPORATED**

v.

**Leon DRIVER.**

**Civ. 110.**

Court of Civil Appeals of Alabama.

April 25, 1973.

Rehearing Denied May 23, 1973.

Brown, Hudgens, Fulford, Sintz & Richardson, Mobile, for appellant.

John A. Courtney, Mobile, for appellee.

**259**

WRIGHT, Presiding Judge.

This matter comes to us for review by certiorari of a judgment awarding Workmen's Compensation to appellee, Leon Driver. The petition for certiorari is brought by the employer, Misco, Incorporated.

In his petition for compensation, Driver alleged that he was injured by accident within the course of his employment as a workman for Misco, Incorporated, in Mobile, Alabama on the 21st of May, 1969. The injury was to his back and legs with a possible ruptured disc resulting in permanent total disability. He had been hospitalized and treated by various physicians. Misco had prompt actual notice of his injury and had failed to pay any compensation or medical expense. At the time of his injury he was earning $95.00 per week.

The petition was filed on May 20, 1970. Demurrer to the petition was overruled. Answer was filed by Misco admitting the relationship of employer-employee and notice of the alleged accident. It further admitted that it had failed and refused to pay compensation or medical expenses, but averred that petitioner was not entitled to compensation or medical expenses. It denied that the employee suffered the alleged accident or that he suffered injuries therefrom. The answer further denied that compensation was due, but if it was, petitioner had refused to submit himself to examination by a physician of Misco's choosing and should recover nothing during the period of such refusal.

By amended answer, Misco charged that petitioner had refused medical and diagnostic treatment which would offer a reasonable prospect of recovery or relief from the alleged disability, and that his present disability results not from the alleged accident but from the unreasonable refusal to accept necessary treatment.

Upon petition and answer the matter proceeded to trial on July 5, 1971, and was taken under submission by the court. Findings of fact with judgment were entered on October 5, 1972, some fifteen months after trial, and over three years from the date of the accident. Submission here was on brief and oral argument on April 9, 1973.

In its finding of fact the court found in favor of petitioner on all the jurisdictional and material averments of the petition and on material issues presented by appellant's answer, including the charge that petitioner had unreasonably refused to submit to examination and treatment by physicians as requested by appellant. However, there were certain material deficiencies in the finding and judgment which we will point out appropriately in this opinion.

For the purpose of this appeal we find no cause to set out in detail the trial court's finding of fact, except pertinent parts, one of which is as follows:

"The court further finds that the injury complained of by the plaintiff and the disability resulting therefrom are solely the result of this accident of the 21st day of May, 1969, the court further finds that the plaintiff did not refuse reasonable medical and diagnostic treatment

and in fact, the court further finds that said treatment was not offered to him by the defendant, nor was any tender actually made by the defendant of said treatment with the assurance on the part of the defendant that they were ready, willing and able and standing by to provide such medical treatment to the plaintiff and pay for same."

Appellant by assignment of error 8 challenges the above finding of fact as being contrary to or unsupported by the evidence. This finding of fact by the court was in response to the matter of unreasonable refusal of treatment or diagnosis raised by appellant's plea 9. Said plea 9 is based upon provisions of Title 26, § 293 of the Code which appear as follows:

"If the injured employee refuses to comply with any reasonable request for examination or refuses to submit to medical and surgical treatment and attention, or refuses to accept the medical service which the employer elects to furnish under the provisions of this chapter his right to compensation shall be suspended, and no compensation shall be payable for the period of such refusal. . . "

It was appellant's position at trial and now in brief and argument on appeal that the evidence was that plaintiff refused treatment for and diagnosis of his alleged injury and therefore his refusal prohibits the court from allowing compensation during such refusal. We see no need to review the evidence before the trial court on this issue. The court found from the evidence that there had been no refusal and in fact, that there had been no offer or tender of treatment accompanied with assurance by appellant that treatment was available and would be paid for by appellant. We have examined the evidence and find that there is evidence to support such a finding of fact.

In every review by certiorari of a Workmen's Compensation case, we are bound by the findings of fact of the trial court if such findings are supported by legal evidence. Woodward Iron Co. v. Vines, 217 Ala. 369, 116 So. 514; Brunson Milling Co. v. Grimes, 267 Ala. 395, 103 So.2d 315.

We would further observe in response to appellant's charge of error 8 that neither by answer nor by evidence did appellant allege or prove a direct offer or tender of medical diagnosis or treatment at appellant's expense giving plaintiff an opportunity to be advised that if he unreasonably refused such tender that compensation would be refused or suspended. Such appears necessary to invoke the provisions of the statute pertaining to unreasonable refusal. Semmes Nurseries, Inc. v. McVay, 279 Ala. 42, 181 So.2d 331; Gulf States Steel Co. v. Cross, 214 Ala. 155, 106 So. 870. It is worthy of note that during the period which appellant claims an unreasonable refusal of treatment, it was also denying that compensation was due, never paid any compensation though its own physician was treating appellee and finding his injury to be present and totally disabling. It seems to us that the purpose of the provisions of the statute is to prevent malingering by one who is drawing compensation or to determine if the claimed injury is real, repairable or capable of being minimized. It would appear appropriate for application of the doctrine of estoppel if an employer, while denying liability for compensation and withholding payment, attempts to claim a refusal to accept treatment or to contend that the claimant unreasonably refuses proper medical treatment. Such has been the holding in some jurisdictions. Ellis & Lewis v. James, 156 Okl. 12, 9 P.2d 762; Bishop v. Frank Morrow Co., 68 R.I. 518, 30 A.2d 110; American General Ins. Co. v. Quinn, Tex.Civ. App., 277 S.W.2d 223; Standard Ins. Co. v. Biggers, Tex.Civ.App., 352 S.W.2d 290. 99 C.J.S. Workmen's Compensation § 319.

Appellant in assignment of error 10 charges that the judgment fails to comply with the provisions of Title 26, Section 304 in that it does not contain a statement of the facts and conclusions of law.

We have read the "determination" of the court. It contains two sections, each separately signed by the judge. The first is headed "Finding of Facts." The second is headed "Judgment." Our examination discloses that a finding of fact was made as to every material issue presented by the petition and answer. Such findings are sufficient as to every fact necessary to sustain the judgment. Bryant v. Central Foundry Co., 217 Ala. 332, 116 So. 345; Calvert v. Funderburg, 284 Ala. 311, 224 So.2d 664. It was stated by the Supreme Court in Calvert v. Funderburg, supra, as follows:

". . . and we have held that where the trial court's finding of fact is merely meager and omissive, this court will look to the evidence in the case to see if on any reasonable view of the evidence the judgment of the court can be sustained. Ex parte Louisville & N. R. Co., 208 Ala. 216, 94 So. 289. . . ."

In that case the "determination" contained only two sections headed "Finding of Facts" and "Final Judgment." It failed to include a finding of the existence of the relationship of employer and employee at the time of the injury. The court found such failure not to be fatal, but merely such an omission which permitted the court to go to the evidence to see if any reasonable view thereof would sustain the judgment. We are not faced with such omissiveness in this case. However, appellant complains of the failure of the judgment to direct execution. Without deciding whether such words of execution are necessary to a valid judgment in a Workmen's Compensation case, such officious words are considered merely omissive and may be supplied by modification. We so modify.

We have previously answered appellant's charge that the "determination" is not responsive to the issue raised by appellant's plea 9.

Assignments of error 5 and 6 are that the award in the judgment of permanent partial disability is not supported by the evidence.

The finding of the court in its finding of fact as pertinent to this issue is as follows:

"The plaintiff received a severe back injury and left the employment on the 21st day of May, 1969 and has not returned to work to this day and according to medical testimony presented in this case is, in his present condition, totally disabled from performing manual labor. The court also finds from the testimony of the plaintiff that he is twenty-seven years old, married and has two dependent children and that his education provides him only with the ability to perform said manual labor . . .

"The court further finds that compensation should be based upon the 1967 Act of Alabama at the rate of 55% of his earnings for a period of 300 weeks for permanent partial disability."

It is evident of what appellant complains. The court finds that claimant is totally disabled from performing the only work he is capable by education to perform in his present condition. Yet, the conclusion is that he is entitled to permanent partial disability. Though claimant has been unable to work due to his injury since it occurred up to the date of the hearing, a period of over two years, there is no award for temporary total disability. The failure to award temporary total compensation is opposed to the finding of fact that there is total disability in present condition to perform his usual occupation.

An award of permanent partial disability under the facts as to injury in this case could only be awarded under Section 279(C) 6 of the Workmen's Compensation Act. That section is as follows:

"In all other cases of permanent partial disability not above enumerated, the compensation shall be fifty-five percent of the difference between the average weekly earnings of the workman at the time of the injury and the average weekly earnings he is able to earn in his par-

**262**

tially disabled condition subject to the same maximum weekly compensation as stated in section 289 of this title."

 This court in the case of B. F. Goodrich Co. v. Martin, 47 Ala.App. 244, 253 So.2d 37, discusses the requirements for an award under § 279(C) 6. We pointed out there that such an award must be based upon a finding of a permanent partial loss of an ability to earn. We stated in that case that "without such a finding of fact there can be no award." An award of permanent partial disability is not necessarily or exclusively determined by a finding of a degree of physical disability, but is dependent upon a finding of a permanent partial loss of ability to earn. Such is evident from the very wording of the statute. Thus the trial court's finding of a total disability by claimant to perform the only employment of which he is capable cannot logically support an award of permanent partial disability.

Though we are faced with an award which is not supported by the court's finding of fact, such finding of fact would support an award of temporary total disability of 300 weeks, or even an award of permanent total disability which could carry benefits up to 550 weeks. Claimant-appellee has not complained of this error in the decree by cross-appeal, and it appears that appellant, though complaining, is not injured by it.

As previously stated herein, it has now been four years since appellee received his injury. He has received no compensation, nor have his medical and hospital expenses been paid. Such delay is directly opposed to the purpose of the Workmen's Compensation Act and the mandate therein that such cases shall be preferred and set down, tried and determined as expeditiously as possible. § 304. Appellant's complaint of refusal of treatment and diagnosis could have been disposed of by recourse to the court at any time after suit was filed. We suggest such action should be taken, particularly under the provisions of the Act as

now written which provides for payment of medical expenses for a period up to three years after injury.

Therefore, though the court's award of compensation based upon permanent partial disability is improper under the finding of fact, such impropriety is not injurious to appellant, and under Rule 45 of the Supreme Court and with the intent of securing to appellee the compensation found to be due him, this court affirms the judgment of the court below.

Affirmed with modification.

BRADLEY and HOLMES, JJ., concur.