This petition for writ of certiorari involves an award of workmen's compensation benefits to petitioner, Charles C. Hill, Sr. Hill argues in his petition that the determination by the Circuit Court of Montgomery County that Hill suffered a twenty-five percent permanent partial disability to his body as a whole was unsupported by the evidence presented at the trial in this matter. Hill submits that the evidence supported a finding that his disability was substantially greater than twenty-five percent.
It is well settled in workmen's compensation cases that the decision of the trial court will be upheld upon review by writ of certiorari if there is any legal evidence to support the trial court's findings of fact. Speigner v. McGhee, 55 Ala. App. 384, 316 So.2d 215, cert. den. 294 Ala. 769, 316 So.2d 221
(1975). And this rule prevails where some testimony at trial indicates that the percentage of disability may be greater than the percentage ultimately determined by the court while other testimony indicates that it may be less. See Cochrum v. KinroIndustries, Inc., Ala.Civ.App., 352 So.2d 456 (1977); Glover v.Howell Plywood Co., 50 Ala. App. 22, 276 So.2d 608 (1973).
In the present case the testimony at trial was in conflict. Hill testified that he was unable to climb, bend, stoop or crawl. He also said he could not lift anything. A vocational expert from Auburn University stated that Hill was one hundred percent disabled with respect to the type of employment, i.e. manual labor, which the latter normally performed. However, the neurosurgeon who treated Hill testified that Hill had suffered a seventeen percent partial impairment to his body as a whole as a result of the injury incurred while working for respondent, J.P. Stevens and Company, Inc. Thus, it was for the trial court as trier of fact to weigh the testimony and evidence presented and on that basis reach a conclusion regarding the extent of the physical impairment suffered by Hill. The court found that Hill "sustained a twenty-five percent permanent partial disability to his body as a whole." Our examination of the record does not demonstrate that the court's finding of a twenty-five percent disability was incorrect or that it was unsupported by the evidence.
Although we hold that the court did not err in determining the percentage of disability, we must nevertheless reverse the trial court's judgment in this matter.
The trial court in the instant case failed to include in its finding of facts or conclusions of law that Hill had suffered aloss of ability to earn. Without such a determination there was no basis for the amount of compensation awarded. Brooks v.Crimson Homes, Inc., 51 Ala. App. 252, 284 So.2d 279 (1973);B.F. Goodrich Co. v. Martin, 47 Ala. App. 244, 253 So.2d 37
(1971). Consequently, this case must be remanded to the trial court for that court to ascertain whether Hill has suffered a loss of his ability to earn. Lingo v. Dixie Veneer Co., Ala.Civ.App., 349 So.2d 591 (1977).
Although counsel for the employee did not present to this court as an issue to be decided the absence of a finding of loss of ability to earn, nevertheless, he did in his argument point out that the basis for an award in this type case is the loss of ability to earn rather than a disability to the body as a whole. Consequently, we conclude that the decisive issue of this appeal was presented to this court for decision through the employee's brief. See Rule 1, ARAP and committee comments thereto.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 1037