WRIGHT, Presiding Judge.
This is a workmen’s compensation case. Plaintiffs appeal from judgment denying compensation for the death of the employee under § 25-5-51, Code of Alabama (1975) for that his death was caused by his intoxication and willful violation of the law. The issue on appeal is whether there is evidence to support the judgment.
The evidence was heard by the judge without a jury. As in all workmen’s compensation cases, our review of the trial court’s judgment is by certiorari and thus limited to questions of law. Agricola Furnace Co. v. Smith, 239 Ala. 488, 195 So. 743 (1940). We look to determine only if there is any legal evidence to sustain the judgment. Glover v. Howell Plywood Co., 50 Ala.App. 22, 276 So.2d 608 (1973). It is not within our province to determine the weight to be given the evidence. That is for the trial court. Goodyear Tire and Rubber Co. of Alabama v. Downey, 266 Ala. 344, 96 So.2d 278 (1957).
There was evidence tending to show the following: Deceased employee was employed by defendant as a sales representative in the Gadsden office. He was killed on November 7, 1975 when the automobile he was driving struck a bridge abutment. The automobile first came in contact with the bridge approach guard rail on the right side of the highway at a distance of 186 feet from the bridge. It scraped along the rail, came off for a distance and hit it again, scraped for a distance, came off and swerved abruptly to the left across two paved traffic lanes into the bridge. There were tire burns left on the pavement when the automobile suddenly changed direction before striking the bridge. There were no marks indicating application of brakes at any time. The impact demolished the front of the automobile and broke the large steel reinforced concrete abutment several feet down toward its base. The estimated speed at time of impact was 60 to 65 miles per hour.
The scene of death was only a short distance from a lounge where alcoholic beverages were served. The deceased had been in the lounge within an hour or hour and a half prior to his death. He was in the lounge for about an hour at noon and had two miniatures of bourbon (3.2 oz.) mixed with 7-Up. He was served no food.
A physician had placed the deceased in a hospital some two weeks prior to his death and had treated him for acute alcoholism. *545 Tests indicated that his liver was damaged and he was instructed to refrain from alcoholic drink. Valium was prescribed to ease withdrawal difficulties. It was the opinion of the doctor that the deceased was considerably more susceptible to the intoxicating' effects of alcohol because of his liver condition.
There was offered into evidence a properly certified report of the results of a blood alcohol test performed by a state toxicologist upon a sample of blood taken from the body of the deceased. The sample had been taken by a licensed mortician who is also the coroner of Blount County. The request for the taking of the sample came from the coroner of Etowah County where deceased was killed. After objection and argument, the report of the test was accepted in evidence.
Plaintiffs have stated the issues on appeal to relate to the admissibility of the report of the results of the blood test. Though plaintiffs subdivide the primary issue into three, we consider there is only one basic issue stated, i. e.: Is a report of the result of a blood test for intoxication made by a state toxicologist admissible in evidence in any case unless the blood was taken by persons authorized, and tested in the manner provided by § 32-5-193, Code of Alabama 1975?
Though plaintiffs have stated this to be the issue on appeal, we do not find it a dispositive issue even if the admission of the report was erroneous. It is our decision that the evidence we have related, together with its reasonable inferences, is, without consideration of the report of intoxication, sufficient to support the judgment of the trial court. We therefore pretermit determination of whether the report was erroneously received in evidence until a more appropriate time. Defense Ordinance Gorp. v. England, 52 Ala.App. 565, 295 So.2d 419 (1974). Rule 61, ARCP, Rule 45, ARAP.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.