This is a workmen's compensation case.
The Circuit Court of Conecuh County entered a judgment for the employee and the employer appeals.
The dispositive issue on appeal is whether the trial court failed to include in its finding of fact or conclusions of law, as required, that the employee had suffered a loss of ability to earn. We find the trial court failed to make such a finding and reverse.
The learned trial judge's order in pertinent part is as follows:
 ". . . The Court finds that the plaintiff is suffering from a permanent partial disability of sixty percent (60%) of the body as a whole as a result of permanent impairment to his right lower extremity within the meaning of the Alabama Workmen's Compensation laws. . . ."
Able and distinguished counsel for the employee argues that the prepositional phrase, "within the meaning of the Alabama Workmen's Compensation laws" sub-serves to satisfy the requirement that the trial court make a finding of fact that the employee sustained a loss of ability to earn. We do not agree.
It is clear that the workmen's compensation law of Alabama requires a finding by the trial court that the employee has suffered a loss of ability to earn. Without such a determination there is no basis for the amount of compensation awarded. See Hill v. J.P. Stevens Co., Inc., Ala.Civ.App.,360 So.2d 1035 (1978); Brooks v. Crimson Homes, Inc.,51 Ala. App. 252, 284 So.2d 279 (1973); B.F. Goodrich Co. v.Martin, 47 Ala. App. 244, 253 So.2d 37 (1971).
It is equally clear to this court, as seen from the above, that the trial court made no such finding. The phrase, "within the meaning of Alabama Workmen's Compensation laws" in no way is a finding by the trial court that the employee had in fact suffered a loss of ability to earn.
In view of the above, this case must be remanded to the trial court for that court to determine whether the employee has in fact suffered a loss of ability to earn. See Hill, supra. Seealso Lingo v. Dixie Veneer Co., Ala.Civ.App., 349 So.2d 591
(1977).
Other issues are raised by the employer in its excellent brief; however, in view of the above it would be inappropriate for this court to address itself to these issues.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 102