WRIGHT, Presiding Judge.
This is a workmen’s compensation case. The court awarded compensation. Defendant appeals charging the absence of evidence to support the judgment of the trial court. Our review by certiorari discloses that there is legal evidence in the record to support the judgment. Therefore, we affirm the trial court. Moses v. Pitney Bowes, Inc., 368 So.2d 543 (Ala.Civ.App.1978); Stewart v. Busby, 51 Ala.App. 242, 284 So.2d 269 (1973); Riley v. Perkins, 282 Ala. 629, 213 So.2d 796 (1968).
Defendant primarily complains of the entering of an award by the trial court after stating that it made such finding after giving plaintiff “considerable benefit of substantial doubt.” Though the language of the court is not usually found in a judgment, it was free to refer to the manner m which it reached its conclusions. This court upon review considers only the conclusions of the trial court, not the cerebral route it took to reach them. There is legal evidence to support the finding that plaintiff was injured while within the scope of his employment with defendant and that such injuries resulted in the percentage of disability found by the trial court. The argument of defendant that the testimony as to the date and extent of such injury was uncertain, inconclusive and not credible is insufficient. This court does not consider the weight of the evidence but only its existence. Davis-Day Timber Co. v. Gentry, 54 Ala.App. 385, 309 So.2d 97 (1975); Goodyear Tire & Rubber Co. v. Downey, 266 Ala. 344, 96 So.2d 278 (1957).
We are of the opinion that a statement of the tendencies of the evidence would serve no precedential purpose. We therefore simply affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.