In February 1985, Phillip Keith Munn was employed by Wayne Cook as a seedling planter. On April 1, 1986, Munn filed a complaint requesting benefits under the Alabama workmen's compensation law for injuries arising from his employment. After a hearing in June 1987, the Circuit Court of Calhoun County entered a judgment finding that Munn, the employee, suffered a 30 percent permanent partial disability. The court awarded benefits pursuant to § 25-5-57(g). Wayne Cook and Maryland Casualty Insurance Company appeal.
The employer's contention on appeal that the judgment of the trial court is erroneous because the trial court failed to make a finding of the employee's loss of earning ability is dispositive of this case, and we pretermit discussion of other questions raised here.
The trial court's order states, in pertinent part:
 "The Court finds that the Plaintiff now suffers a 30% permanent partial disability pursuant to § 25-5-57(g), Code of Alabama (1975), and he is entitled to compensation for 224.43 weeks. . . ."
No specific mention was made in the decree that plaintiff's earning capacity was diminished by his disability. We have consistently held that to sustain an award of permanent partial disability, the trial court must make a specific finding of a permanent partial loss of an ability to earn. Webb Timber Co.v. Milton, 365 So.2d 101 (Ala.Civ.App. 1978); Hill v. J.P.Stevens Co., 360 So.2d 1035 (Ala.Civ.App. 1978).
The trial court's failure to make the required finding to support the award is reversible error. We therefore reverse the judgment and remand this case to the trial court for determination by that court whether the employee has in fact suffered a loss of ability to earn. See Hill, supra, and Misco,Inc. v. Driver, 50 Ala. App. 256, 278 So.2d 374 (1973).
REVERSED AND REMANDED.
BRADLEY, P.J., and HOLMES, J., concur. *Page 1342