RUSSELL, Judge,
dissenting:
I must respectfully dissent from the majority’s opinion. This court has long held that a finding of loss of ability to earn is a prerequisite to an award of permanent partial disability benefits. Gibson v. Southern Stone Co., 500 So.2d 32 (Ala.Civ.App.1986); Littleton v. Gold Kist, Inc., 480 So.2d 1236 (Ala.Civ.App.1985). Here, however, a finding of loss of ability to earn was specifically made by the circuit court, and I do not find that the authority cited by the majority to require that the circuit court specify the percentage of that loss in its findings of fact.
Rather, those cases stand for the proposition that an award of compensation benefits for permanent partial disability cannot be supported where the trial court fails to find that the employee’s earning capacity has been diminished. See, e.g., Cook v. Munn, 521 So.2d 1341 (Ala.Civ.App.1988).
Although the circuit court did not enunciate a specific percentage when it determined that the employee suffered a loss of ability to earn, my review of its calculations demonstrates that an award of 15% of the temporary total disability rate of $266.68 ($40.00) was awarded to the employee.
Therefore, the issue before this court, as I view it, is whether there was sufficient evidence to support the circuit court’s apparent conclusion that a 15% disability of the body translates into an equivalent percentage of the employee’s loss of ability to earn.
Here, there was expert medical testimony as to the employee’s employability subsequent to his injury. One physician testified that after treatment he released the employee to return to work on full duty with only the restriction that the employee not lift anything weighing in excess of thirty-five pounds.
Furthermore, he testified that the employee suffered no neurological deficit; that the employee had no restrictions on his ability to raise his arms above his head; that he had no limitations on his ability to walk, to bend, or to stoop; and that the employee had no impairment of his vision or his hearing. Based on the above, the doctor evaluated the employee to be only five percent permanently partially disabled.
A second physician testified that, at the time of his examination, the employee had full range of motion in his neck and that there was no evidence of any permanent condition in the employee’s lower back. As to any opinion regarding a rating of the employee’s impairment, this physician deferred to the previous doctor’s evaluation of the injuries that the employee sustained to his neck. However, he stated that he would not issue an impairment rating as a result of the employee’s complaints of back injury.
In view of the above testimony, I would find that a reasonable view of the evidence does support a finding that the employee suffered a 15% loss of ability to earn. Therefore, I must dissent.