RUSSELL, Judge
(concurring specially).
The employer argues in its brief that the trial court had no basis for awarding com *486 pensation because the court, in its final order, made no finding of the employee’s loss of ability to earn. However, I would point out here that the requirement that the trial court make an express finding regarding the loss of ability to earn obtains only in cases of nonscheduled permanent partial disability. See, e.g., Cook v. Munn, 521 So.2d 1341 (Ala.Civ.App.1988). This is so because permanent partial disabilities are compensable according to the employee’s loss of earning ability. Pursuant to Ala.Code 1975, § 25-5-57(a)(3)g., an employee found to be permanently partially disabled is entitled to recover two-thirds of the difference between his average weekly earnings at the time of his injury and the amount he is able to earn in his partially disabled condition. No such calculation based on the percentage of loss in earning ability is made in cases of permanent total disability. See § 25-5-57(a)(4)a. I might maintain, however, that because permanent total disability is defined in § 25-5-57(a)(4)d. as an injury or impairment that “permanently and totally incapacitates the employee from working at and being retrained for gainful employment,” a determination by the trial court that an employee is permanently totally disabled is also a finding regarding the employee’s loss of ability to earn.